D. A. W. CUNNINGHAM, by her next friend S. B. ALEXANDER *vs.* SOUTHERN EXPRESS COMPANY.

In an action against a foreign corporation, where the plaintiff resides in this State, or when the corporation has property in the State, or when the cause of action arose therein, service of a copy of the summons upon the general or managing agent is sufficient; but where neither one of the above conditions exists, service must be made upon some one of the principal officers.

Motion to dismiss a suit, heard before *Henry, J.,* at a Special Term of the Superior Court of MECKLENBURG.

A summons in a civil action, to enforce a lien on real estate, was issued in favor of the plaintiff, who was a resident of this State, against the Southern Express Company, a foreign corpora-

tion, and one Cunningham, and made returnable to Fall Term, 1869, of Mecklenburg Superior Court.

The summons was placed in the hands of the sheriff, who made the following return : "Executed by delivering a copy of the within summons to W. P. Hill, agent for the Southern Express Company. Cunningham not to be found." At the return term, plaintiff filed a complaint, setting forth the cause of action, and " J. H. Wilson, Esq., marked his name on the docket as counsel for the defendant, the Southern Express Com pany." The cause was continued to the special term. January 1872, when the defendant's counsel moved to dismiss, for want of service on the Southern Express Company. It appeared that the defendant owned property in this State. The motion was overruled, and defendant appealed.

*Jones & Johnston*, for plaintiff.
*J H. Wilson*, for defendant.

RODMAN, J. The return on the summons is, "Executed by delivering a copy of within summons to Wm. P. Hill, agent for Southern Express Company." The defendant, it appears from the complaint, is a foreign corporation, the plaintiff is a resident of this State, the cause of action arose here, and it respects property within this State in possession of the corporation. The question of the sufficiency of the service depends on the construction of Sec. 82, C. C. P., which reads as follows: " The summons shall be served by delivering a copy thereof as follows :

1. If a suit be against a corporation, to the president, or other head of the corporation, secretary, cashier, treasurer, a directing or managing agent thereof; but such service [that is, by delivery of a copy of the summons] can be made in respect to a foreign corporation, only when it has property within the State, *or* the cause of action arose therein, *or* where the plaintiff resides in the State, *or* where such service can be made

within the State personally, upon the president, treasurer, or secretary thereof." The words in brackets are not in the act, and are inserted to show the meaning more clearly.

The several cases respecting a foreign corporation, it will be observed, are put disjunctively, and we think that the meaning is, that in either of the first three cases service may be made by delivery of a copy of the summons to one of the officers named in the first clause of the section, among which is the managing agent. In the last case, that is, when the foreign corporation has no property within the State, *and* the cause of action did not arise therein, *and* the plaintiff does not reside therein, then service may be made on the president, treasurer or secretary, if he can be found within the State ; but it may not be made on a managing agent found here. A reason for the difference may be discovered. The first three classes of cases embraced all which would usually occur, and in them every reasonable facility for the service of process is provided. But there was a fourth class of cases, not likely, but still possible, and therefore needing to be provided for, viz : where a non-resident might be obliged to sue in this State a foreign corporation having no property here, on a cause of action arising elsewhere. The necessity of suing here might arise out of the fact, that the chief officers were to be found here, and not elsewhere. In such a case, either because the corporation could not well have a managing agent here, or for other reasons, which may be imagined, it was provided that service should be made on some one of the principal officers.

It is said that it does not appear that Hill was a *managing agent.* Who is such an agent, will depend in each case on the circumstances. A corporation doing the business of expressing goods must have many agents, of more or less limited duties and powers. For some purposes, a porter or wagon driver is an agent of the company, but clearly he is not an agent to receive service of process. For that purpose the agent must be a general or superintending one. As it is not shown that this

was not the character of Hill's agency, (which, if it had been otherwise, the defendant could have easily shown) nor that there was any other agent in this State, we must infer that Hill was a general or managing agent. We think the service was sufficient.

Judgment affirmed, and case remanded, to be proceeded in according to law.

Let a copy of this opinion be certified, &c.

PER CURIAM.                              Judgment affirmed.