W. JONES, surviving partner, &c., v. HARTFORD INSURANCE COMPANY.

*Summons, service of upon agent of Corporation—Act of Assembly, repeal of.*

1. The summons in an action against a foreign corporation may be served either upon a local or general agent. Act 1875, ch. 168, and Act 1877, ch. 157, construed.

2. The law does not favor a repeal, by implication, of a former act. Some notice of the former act must be taken, indicating an intention to repeal it; or there must be repugnance in the acts.

CIVIL ACTION tried at Fall Term, 1882, of ORANGE Superior Court, before *Shipp, J.*

The summons was served on James Southgate, an agent of the defendant company. The action is to recover the amount of a fire insurance policy.

The defendant company is a corporation duly organized under the laws of the state of Connecticut, and at the time of issuing the policy was doing business in the town of Durham, in this

state. J. W. Atkinson, of the city of Wilmington, was, and is the general agent of the company for the state, appointed under the provisions of the act of 1876–'77, ch. 157, § 3, and James Southgate its local agent at Durham, and the person through whose agency the policy in question was obtained.

The defendant contends that the summons should have been served upon Atkinson, the general agent, and not upon Southgate, the local agent, and on that ground moves to dismiss the action. The motion was overruled and the defendant appealed.

*Mr. J. W. Graham,* for plaintiff.
*Mr. R. C. Strudwick,* for defendant.

ASHE, J. Prior to the passage of the act of 1877, ch. 157, the service of the summons upon the local agent of a foreign corporation was unquestionably good.

The act of 1875, ch. 168, amendatory of paragraph one, section 82, chapter 17 of Battle's Revisal, provides, that if a suit be against a corporation, the summons may be served upon the president, or other head of the corporation, secretary, treasurer, cashier, director, or managing or local agent thereof; provided, "that any person receiving or collecting money within this state for or on behalf of any corporation of this or any other state or government, shall be deemed a local agent for the purpose of this section; but such service can be made in respect to such foreign corporation only when it has property within this state, or the cause of action arose therein, or when the plaintiff resides in the state, or when such service cannot be made within the state personally upon the president, treasurer or secretary thereof."

It is true this act is entitled "an act amendatory of the law concerning suits against railway corporations." But the title of an act is no part of the act, in a legal sense, and is never resorted to in the construction of statutes, except for the purpose of re-

moving ambiguities, and cannot be used to restrain or control the plain meaning of a statute. Potter's Dwarris on Statutes, pp. 103, 107.

The summons then may be served upon the local agent of a foreign corporation, when, as in this case, the cause of action arose in this state, unless the act of 1875 has been repealed. It is contended that it has been repealed by the act of 1877, ch. 157, which provides, in section 3, " that no insurance company, association or partnership, not incorporated by the laws of this state, shall directly or indirectly issue policies, take risks or transact business in this state, until it shall have appointed an agent residing in this state, who shall act in that capacity, until a successor be duly appointed, and upon whom any civil process *may be served,* and such service shall be binding and shall be personal service upon the company appointing him ; a certificate of such appointment under the seal of the company shall be filed with the secretary of state, and copies certified by him shall be sufficient evidence." There is no repealing clause in this act, and there is nothing in its provisions to repeal the act of 1875, by implication; nor does the law favor a repeal by implication. A latter act is never construed to repeal a prior act, unless there be a contrariety or repugnance in them ; or, at least, some notice taken of the former act, so as to indicate an intention in the law giver to repeat it. Potter's Dwarris, 156. There is no repugnance in these acts, and there is nothing in the act of 1877 which indicates an intention on the part of the legislature to repeal the act of 1875. The two acts are *in pari materia* and may well stand together, and must be construed together.

The conclusion is, that in actions against a foreign corporation, the summons may be served either upon a local or general agent.

We cannot suppose it was the intention of the legislature, in passing the act of 1877, to restrict any advantages our citizens possessed against foreign corporations. We have no doubt the provision of that act in regard to the appointment of a general

agent, upon whom process might be served, was adopted in view of the fact that foreign corporations sometimes did business in this state, without a resident agent, when there would be no one upon whom process could be served; and in such case, our citizens would be driven to a foreign forum for the redress of their grievances; or, that it might often occur, that it would be doubtful whether a person was the agent, or whether his agency had not been revoked before the commencement of the action. By the act of 1877, a person is designated upon whom process may be served with certainty, but a policy-holder may still, if he shall choose to take the risk that the person upon whom his summons is served is the local agent of the company, serve it upon him; and it will be as good as if served upon the general agent.

There is no error. Let this be certified, &c.

No error.                                        Affirmed.