ANGERHOEFER, Jr., *v.* BRADSTREET CO.

*(Circuit Court, E. D. Texas.* December 1, 1884.)

PRACTICE—VENUE—FOREIGN CORPORATION—SERVICE—TEXAS STATUTE.

A foreign corporation that carries on business in the state of Texas may be sued in the county where its local agent conducts such business by service on him.

Plea in Abatement.

*O. T. Holt* and *J. K. P. Gillaspie,* for plaintiff.

*Labatt & Noble* and *Presley K. Ewing,* for defendant.

SABIN, J. This is a suit for damages for libel on business reputation, commenced by petition filed by plaintiff, October 13, 1884, in Harris county district court, alleging that the plaintiff "is a resident citizen of Harris county, Texas, and complaining of the Bradstreet Company, a corporation created by an act of the legislature, and existing by and under the laws of the state of Connecticut, but who has its principal office in the city and state of New York. Plaintiff alleges that the defendant is, and is commonly known and called, a commercial agency, and the business is to furnish true, correct, and reliable information to commercial houses throughout the United States, including the cities and towns in the states of Texas, Kentucky, Pennsylvania, Maryland, and Missouri; and in the execution of said business, as aforesaid, defendant has established agencies in the city of Houston, and other cities and towns in said state of Texas. Plaintiff also alleges that one Charles Dexter is the local agent in the city of Houston, Harris county, Texas, of defendant, and is recognized by them as such in the conduct of their said business." The petition then proceeds to state the cause of action, and concludes by praying "for process to said defendant according to law, and, after a final hearing hereof, for judgment for his said damages as set out," etc. Citation was issued on the same day, October 13, 1884, to the sheriff or any constable of Harris county, commanding them to summon the Bradstreet Company, through Charles Dexter local agent, if to be found in said county, to answer said petition, etc., and was returned as follows, viz.: "Received this writ at 10 o'clock A. M., October 13, 1884, and executed the same, October 16, 1884, by delivering to Charles Dexter, local agent of the Bradstreet Company, the within-named defendant, in person, a true copy of this writ."

The defendant, the Bradstreet Company, filed its answer to said suit, October 31, 1884, interposing in the first instance a protest to the jurisdiction of the court, and invokes its privilege of being sued in the state of its domicile; and, for plea in that behalf, says that at the times, etc., alleged it was and is a foreign corporation, under the laws of the state of Connecticut, and not under the laws of the state of Texas, and a resident of the county of Hartford, in said state of

v.22F,no.6—20

Connecticut, and so domiciled, and had no domicile in the state of Texas, and never has had, and has done business in said last-mentioned state (Texas) through its agent alone, and only so far as interstate comity permitted; and has never surrendered to the state of Texas or otherwise its privilege of being sued in the state of its residence and domicile; and that it has never been an inhabitant of the state of Texas. Wherefore, defendant prays judgment whether this court will take further cognizance of this suit, subject to the rulings upon which other defenses were also filed. The suit was removed to this court, October 31, 1884, by petition, bond, and order of that date, and it is now submitted to me upon the plea of jurisdiction, and this court is called upon to determine whether the district court of Harris county, Texas, had jurisdiction of this cause. It is clear to my mind that it had. Article 1181, Rev. St. Tex., provides that "all civil suits in the district and county courts shall be commenced by petition filed in the office of the clerk of such court."

This suit was so filed and commenced in the county where plaintiff had his residence, and where defendant also had its local agent, as alleged by plaintiff's petition, and not denied by the plea to the jurisdiction. As it has been claimed that under the Revised Statutes of Texas of 1879 a foreign corporation cannot be sued in Texas, it may, perhaps, be well to examine its provisions upon the subject. Article 1198 provides as follows, viz.: "No person who is an inhabitant of this state shall be sued out of the county in which he has his domicile, except in the following cases, to-wit." Then follow some 23 exceptions, the third of which is as follows, viz.: "When the defendant, or several of the defendants, reside without the state, or when the residence of the defendants is unknown, in which case the suit may be brought in the county in which the plaintiff resides." Of course, this exception gives to that article, which purports only to affect inhabitants of the state, an incongruity of expression; but it is plain to be seen that the evident intention of the law was to authorize the venue to be laid, in the case of a non-resident defendant, in the county of the residence of the plaintiff. When article 1198 was first passed as section 1 of an act to regulate proceedings in the district court, in 1846, it was expressed in the same language as is used in the present Revised Statutes, except that it said, "where he had his domicile," instead of, "in which he has his domicile." It was practically the same, so far as the main section was concerned; but it then only had 11 exceptions, and those exceptions were all consonant, as exceptions, with the fact that the defendant was an inhabitant of this state. This section of the act of 1846 was amended in some slight particulars in 1863; but the body of the article was kept the same as the original, and the original 11 exceptions remained, although slightly modified, but in nowise inconsistent with the original provision in behalf of "a person who is an inhabitant of this state." It did not embrace exception third to article 1198, above quoted, nor did

it embrace exception 21 to such article in the Revised Statutes of Texas, which reads as follows, viz.:

"21. Suits against any private corporation, association, or joint-stock company may be commenced in any county in which the cause of action or a part thereof arose, or in which such corporation, association, or company has an agency or representative, or in which its principal office is situated; and suits against a railroad corporation, or against any assignee, trustee, or receiver operating its railway, may also be brought in any county through or into which the railroad of such corporation extends or is operated."

It is evident that while the original 11 exceptions are in the main retained in the provision of law embraced in article 1198, that these various so-called 23 exceptions to article 1198 can and ought more properly to be considered and treated, in many instances, as provisions concerning venue, rather than as exceptions to the general provision of the article. But, however this may be, it is clearly the law of Texas that a non-resident defendant can be sued in the county where the plaintiff resides, as is provided in exception or provision 3 above quoted. Neither exception 3 nor 21 constituted any portion of the original 11 exceptions to the law expressed in article 1198. In my judgment, however, the venue in this suit was provided for by exception or provision No. 21, as well as it would have been provided for by provision No. 3, in case defendant had no local agent in the state.

It is urged that in 1874 there was passed a law which remained in force down to the passage of the Revised Statutes of 1879, which law is as follows, viz.:

"Section 1. That hereafter any public or private corporation, including railroad companies, created under the laws of this state, or any other state or county, may be sued in any court in this state having jurisdiction of the subject-matter, and in any county where the cause of action or a part thereof accrued, or in any county where such corporation has an agency or representative, or in the county in which the principal office of such corporation is situated.

"Sec. 2. That service of process on any of such corporations may be had by delivering a copy of such process, with the certified copy of plaintiff's petition, if any, to the president, secretary, treasurer, principal officer, or agent."

And that while under this law it was competent to sue a foreign corporation in this state and make service as provided in that act, for the reason that this law expressly spoke of "corporations created under the laws of this state or any other state or country," that it is not now competent so to do under exception or provision No. 21, which simply says, "suits against any private corporation, etc., may be commenced," etc. I consider that the expression "any private corporation" is perfectly ample to cover "any private corporation created under the laws of this state, or any other state or country." It will be noted in this connection that provision (or so-called exception) No. 17 provides that "suits against any county shall be commenced in some court of competent jurisdiction within such county." Here a public corporation was provided for, for a resident defendant,

and in the county of its domicile,—that is, within itself,—and which provision is in no sense an exception to the main article, and might be considered surplusage.

It will be observed, also, that the law of 1874 provided for suits against public as well as private corporations. It having been ascertained that a suit against a non-resident defendant might be commenced in the county of the plaintiff's residence, or, in case of a private corporation, in the county in which the cause of action or a part thereof arose, or in which the corporation has an agency or representative, or in which its principal office is situated, the question would be how to bring the non-resident defendant into court,—by what process? It is clear that in the case of the non-residents, whether corporate or natural persons, that the plaintiff would be forced to proceed by citation, by publication or notice, under articles 1230 and 1235, Rev. St. Tex., which make provision for cases of that kind. Where, however, a non-resident defendant is present in the state, if a natural person, he may be sued in any county in which he may be found; and so likewise with a defendant non-resident corporation, it may be sued in any county in which it may be found through its local agent. It is provided (article 1223, Rev. St. Tex.) that in suits against any incorporated company or joint-stock association the citation may be served on the president, secretary, or treasurer of such company or association, or upon the local agent representing such company or association in the county in which suit is brought, or by leaving a copy of the same at the principal office of the company during office hours. It may be objected with equal force by non-resident defendants, as in the previous case, that this section also fails to say, "in suits against any incorporated company created under the laws of this state, or any other state or foreign country," and hence that it is not applicable to them; but it seems to me that all such language is mere surplusage.

The term "any incorporated company" covers all incorporated companies, wherever created. When a non-resident corporation comes into a state to do business it is to be treated the same as a natural person, so far as may be, and be protected in all its rights. It is entitled to demand that the laws of the state shall be equal in regard to it; for it is provided by the constitution that no state "shall deprive any person of life, liberty, or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws." And under the Texas Revised Statutes the term "person" includes corporation, and hence it is but fair to conclude that the due process of law should be the same for all corporations, whether foreign or domestic. Service upon a corporation which is present, although not a citizen or resident of the state or county, if made upon the local agent representing such company in the county where the suit is brought, the company is present in the agent, and service upon the agent is personal service on the company. The company

may be a non-resident of the county or state; it may have its principal office in another county or state; yet if it comes into a county or state and establishes a local agent for the transaction of its business, it is there present for all the purposes of its business, and for all purposes of suit.

I have extended my remarks much more than I should have done but for the claim that there was now no provision in existence authorizing a suit against a foreign corporation, which claim, upon careful examination, appears to me to be incorrect.    In the plea now under consideration in this case there is no denial of the allegation in plaintiff's petition "that Charles Dexter is the local agent in the city of Houston, Harris county, Texas, of the defendant, and is recognized by them as such in the conduct of their said business;" which, in my view of the case, is the only jurisdictional fact to be denied or ascertained, and the only question of fact to be submitted in the plea to the jurisdiction, when the proceedings are, as in this case, otherwise regular.    And said Dexter having been personally served as agent of defendant with process herein, the defendant must be regarded as personally served, and in court for the adjudication of the matters embraced in the plaintiff's petition; and it is ordered and adjudged that the matters and things set forth in the defendant's protest and plea to the jurisdiction interposed herein be held for naught, and that the cause be proceeded with upon its merits.