## HIGGS v. SPERRY.

(Filed October 17, 1905).

*Motion to Dismiss—Duty of Court—Foreign Corporations, Service of Process Upon—Traveling Auditor—Local Agent.*

1. Upon a motion to dismiss an action for want of service, the complaint is not properly before the court.

2. Upon a motion to dismiss an action for want of service, the judge should find the facts and not simply find that all of the facts set out in the several affidavits are true.

3. Under section 217 of The Code, a traveling auditor of a foreign corporation, which had ceased to do business in the State, is not an officer upon whom process can be served.

4. A traveling auditor of a foreign corporation, who presented an account to the plaintiff and requested payment to himself, but received no money and presented the account without authority, is not a "local agent" (under section 217 of The Code) for the purpose of service of summons.

ACTION by Sherwood Higgs & Co. against Sperry & Hutchinson Co., heard by *Judge Fred Moore,* at the April Term, 1905, of the Superior Court of WAKE County.

In this action summons was issued March 21, 1905, and returned with the following endorsement thereon: "Received March 22, 1905. Served March 22, 1905, by leaving a copy with E. E. Anthony, Auditor of Sperry & Hutchinson Co.," signed by the sheriff of Guilford County. At the April Term, 1905, of the court, the plaintiffs filed their complaint. At the same term, counsel for defendant entered a special appearance and moved, (1) To set aside the service of summons on E. E. Anthony. (2) To dismiss the action for want of service. The motion was made and heard upon the summons and return thereon and affidavits. Thomas E. Sperry

made an affidavit in which he stated that he was president of
the defendant corporation organized and existing under the
laws of the State of New Jersy, having its principal office in
New York City. That prior to the 20th day of February,
1905, the company had sold and closed out all of its business
in North Carolina, and had not, since that day, carried on
any business therein. That prior to said day said company
discharged all of its employees in said State and closed up
its business with the exception of the sum of $175, due to
said company from plaintiff. That on the 22nd day of
March, 1905, said Anthony was transiently in the State of
North Carolina. That prior to said day said Anthony had
been engaged in inspecting, adjusting and closing the ac-
counts and books of said company in said State, and prior to
said date he had completed said work and reported the con-
clusion thereof to said company and been ordered to proceed
to Baltimore to make an inspection of the books of said com-
pany at that point. That said Anthony is one of the traveling
auditors of said company and his only duties are to inspect
and report to the home office the condition of the books, etc.,
in the various towns in which said company does business.
That it is no part of said Anthony's general duty to collect
moneys or to enter into contracts on behalf of said company.
E. E. Anthony filed an affidavit substantially of the same im-
port as that of Sperry. He admitted sending a bill to the
plaintiffs containing a statement of their account, asking a re-
mittance of the amount due thereon to him at Greensboro, but
denied that he had any authority to collect the same. Plain-
tiff, Sherwood Higgs, filed an affidavit setting forth the re-
ceipt of the bill of defendant company on March 19, 1905,
with the request that the amount thereof be remitted to said
Anthony at Greensboro. That some communication was had
with said Anthony over the 'phone, etc. The complaint was
also offered as an affidavit. His Honor, upon the hearing,
found that the facts set forth in the affidavits of Sperry, An-

thony and Higgs were true. He did not consider the complaint. The motion was granted and plaintiffs duly excepted and appealed.

*Robert C. Strong* and *C. B. Denson* for the plaintiffs.
*Shepherd & Shepherd* and *W. H. Pace* for the defendant.

CONNOR, J., after stating the facts: In this court plaintiffs' counsel insisted that His Honor should have considered the complaint upon the motion. While we do not think that the complaint upon motion to dismiss for want of service, is properly before the court, we have examined it and find nothing affecting the merit of the motion to dismiss. It is also insisted that the affidavits of Sperry and Anthony are conflicting. It will be noted that His Honor does not find the facts upon which his judgment dismissing the action is based—he simply finds that all of the facts set out in the several affidavits are true. We are of the opinion that he should have found the facts, which would have been conclusive. If we discovered any substantial contradiction between the several affidavits, it would be our duty to remand the case to the Superior Court for the purpose of finding the facts so that upon appeal we would simply pass upon the question of law presented. While the criticism of plaintiffs' counsel is ingenious we do not think that in so far as the two vital questions— whether the defendant was on the 22nd of March, 1905, doing business in this State or whether Anthony was such an officer or agent of the corporation as contemplated by the statute for the service of summons—are concerned, there is any substantial variance. The criticism that they are not worthy of credit or disingenious, is not open to us. The statute, Code, 217, provides that service of summons may be made upon a corporation by delivering a copy thereof to the president or other head of the corporation, secretary, cashier, treasurer or director, managing or local agent thereof: *Pro-*

*vided,* That any person receiving or collecting moneys within this State for or on behalf of any corporation of this or any other State or government shall be deemed a local agent for the purpose of service of summons. In respect to a foreign corporation, service can be made only when it has property within this State or the cause of action arose therein, or when the plaintiff resides in this State or when such service can be made within the State personally upon the president, treasurer or secretary thereof. As the defendant company, a foreign corporation, had ceased to do any business in this State on the 22nd of March, 1905, it would seem clear that service could be made only upon the officers named in the statute. We do not think a traveling auditor, such as Anthony was found to be, is such an officer. If he was to be considered as a local agent he expressly denies that he received, or was authorized to collect or receive money for the corporation and His Honor has found this to be true. It is said that if the service be upon any person connected with the corporation who would probably apprise the managing officers of such service, it is sufficient. This suggestion would appeal to the Legislature in providing for service on corporations, but cannot justify us in straining the language of the statute beyond its natural and proper meaning. It is sometimes difficult to define the terms "managing or local agent" as applied to corporations, but in this case it is not claimed that Anthony was a managing agent, and the finding of the judge excludes the idea that he received or collected money. It is true that he presented an account to the plaintiffs and requested payment to himself, but he received no money and says that he presented the account without authority, and His Honor so finds. *Clinard v. White,* 129 N. C., 250, is clearly distinguishable from this case. The person upon whom the service was made was clearly a "managing agent." In *Moore v. Bank,* 92 N. C., 590, the court simply held that an attorney of a foreign corporation was not an agent upon whom process

could be served. *Jester v. Packet Co.,* 131 N. C., 54, held that when the president of such corporation was in the State, service could be made upon him. See Womack's Pr. Corp., 656. The conclusion which we have reached is in harmony with the decisions in New York, where the statute is substantially as ours, as shown by the cases cited in the brief.

The judgment must be

Affirmed.