### MOSELLA KELLY v. LEFAIVER & CO.

(Filed 19 February, 1907.)

**Process—Agency for Receiving and Collecting Money—Insufficiency.**
—When a person is not acting for a corporation in the course of its business, or in closing it out, or in making a general disposition of its property after it has ceased to do business, but is simply acting as a caretaker as a matter of friendship, without compensation, he is not an agent of such company for receiving and paying out moneys upon whom process may be served under section 440, Revisal of 1905, though he may have sold and received pay for one or two articles and applied the proceeds .in payment of the corporation's watchman.

MOTION to dismiss an action for lack of service of process, heard before *McNeill, J.,* at December Term, 1906, of BEAUFORT Superior Court.

On summons duly issued, the Sheriff made return: "Received 27 September, 1905. Served 27 September, 1905. Lefaiver & Co. not to be found in this county. Served on George Leach, by leaving a copy and reading the summons to him, who is in charge of the property." On affidavits sub-

mitted, the Court found the pertinent facts to be as follows: "A summons was issued and attachment proceedings had, as appears in the record, which said summons and attachment proceedings are made a part of these findings. The defendant was a foreign corporation at the time of the issuing of the writ herein, and owned a sawmill plant in the western part of the city of Washington, but not then being operated; that George T. Leach was manager of a lumber company known as the Eureka Company, and was about one hundred yards distant from plant of defendant corporation, and Leach procured a watchman for defendant for their plant; that defendant had left one tank of lubricating oil of the value of $4.50 and gasoline of the value of $2.50; that this was on hand when plant stopped operating and was for the use of the plant, and Leach sold same for $7 and applied it in payment of the watchman's services, and for this the defendant sent Leach money to pay watching services, and he paid the watchman for his services and for taking down machinery or part of machinery; he paid some workmen on the occasion $10; that Leach got no salary nor was to get any, but his duty was to look after the property as an act of friendship, and there being no other transaction than the above when Leach received and paid out money on account of defendants. This was all the evidence offered by defendant's counsel in the case; that Leach paid salary to watchman, and, except $10 to other parties, money was paid only to the watchman for his services."

On these facts the action was dismissed for want of service of process, and plaintiff excepted and appealed.

*W. C. Rodman* for plaintiff.
*Ward & Grimes* for defendant.

HOKE, J., after stating the case: Our statute on this question (Revisal, sec. 440) provides, among other things, that

service of summons on a corporation may be made by deliver-
ing a copy thereof to a local agent of the company; and
enacts further, "That any person receiving or collecting
moneys in this State for or on behalf of any corporation of
this or any other State or government, shall be deemed a
local agent for the purpose of this section." And the sole
question presented is whether George T. Leach was an agent
within the meaning of the statute on whom service of process
against defendant company could be properly made.

It will be noted that the person in question was not an agent
in the course of the company's business while it was being
operated, nor in closing out said business, nor in making
general disposition of the company's property after it had
ceased to do business. In fact, he was not an agent of the
company at all, nor even an employee in the ordinary accepta-
tion of the term, but simply a caretaker—acting, as found
by the Court, out of friendship and without salary or any
pecuniary recompense. True, he sold out one tank of lubri-
cating oil for $4.50 and also sold $2.50 worth of gasoline,
which he applied in payment of the watchman's services; but
we are clearly of opinion that this single instance of handling
money could, by no reasonable interpretation, be considered
the "receiving or collecting moneys for or on behalf of the
corporation" within the meaning of the statute referred to.

This view finds support in the case of *Moore v. Bank,* 92
N. C., 590, and in no way conflicts with *Copland v. Tele-
graph Co.,* 136 N. C., 11, cited and relied upon by counsel for
plaintiff. In the *Copland case* the person on whom process
was served was beyond question the local agent of the com-
pany. He was in sole charge of the company's property at
the point, and in control of its business, and had "received
messages from ships at sea for pay," though "the office had not
yet been opened up for general business. And the Court held
that in such case it was not necessary that the person on whom

service should be made should have actually received money on behalf of the company to constitute him a local agent within the meaning of the act, if the facts otherwise showed that he was such local agent. For methods of service when a company has ceased to do business and no officer or local agent can be found on whom process can be served, see Revisal, secs. 1243 and 1448.

: In the present case, we think his Honor was correct in holding that there had been no legal service of process, and the judgment dismissing the action for want of service is affirmed.

Affirmed.