WALKER and BROWN, JJ., dissenting.
The facts are sufficiently stated in the opinion of the Court by MR. CHIEF JUSTICE CLARK.
This is an action for damages for personal injuries. (165) The defendant entered a special appearance and moved to strike out the return of the service of the summons for the reason that "the defendant is a foreign corporation not doing business in North Carolina, and has not been domesticated and has no agent upon whom service can be made, and the service is invalid and does not amount to due process of law." The motion was overruled and the defendant excepted. The defendant then answered, and the cause was tried upon its merits. From the verdict and judgment the defendant appealed.
The court found as a fact that the defendant is a Virginia corporation and did not have at the commencement of this action and has not now *Page 134 
any office or place of business in this State, and has never engaged in business here; and it has never had a process agent in this State nor been domesticated here; that T. B. Fitzgerald, upon whom the summons was served, is a director of the defendant company and is a resident of this State, but he was not at the time of the service nor at any time prior thereto transacting the business of the company and held no office therein other than that of director, and that the defendant has no property in this State. Revisal 1905, sec. 440 (1), provides as to service of summons: "If the action be against a corporation, to the president or other head of the corporation, secretary, cashier, treasurer, director, managing or local agent thereof;. . . but such service can be made in respect to a foreign corporation only when it has property within this State, or the cause of action arose therein, or when the plaintiff resides in the State, or when such service can be made within the State, personally upon the president, treasurer, or secretary thereof." The construction of this statute, which has been uniformly followed, in Cunningham v.Express Co., 67 N.C. 426, and all cases since, is thus clearly stated byHoke, J., in Whitehurst v. Kerr, 153 N.C. 76: "Construing a statute of similar import, it has been held that the first clause enumerates the persons on whom service of process can be made, to wit, on the president or other head of the corporation, secretary, treasurer, director, managing or local agent thereof, and in that respect applies to all corporations, both domestic and foreign. Then follows the proviso as to who (166) shall be considered local agents for the purpose of the section, and the last clause establishes certain conditions, restrictive in their nature which are required and necessary to a proper and valid service on foreign corporations. That is, service on the persons designated in the first clause shall only be good as to foreign corporations: (1) when they have property in the State, or (2) when the cause of action arose therein, or (3) when the plaintiff resides in the State. And then a fourth method is established, (4) when service can be made within this State personally on the president, treasurer, or secretary thereof."
This construction has been held also in McDonald v. McArthur,154 N.C. 122; Higgs v. Sperry, 139 N.C. 299; Greenleaf v. Bank,133 N.C. 292; Jester v. Steam Packet Co., 131 N.C. 54; Clinard v. White,129 N.C. 250; Jones v. Insurance Co., 88 N.C. 499. The plaintiff was at the time of his injury and before and since a citizen and resident of North Carolina, and relying upon the above decisions brought his action in this State. Should he now begin an action in Virginia he would probably be barred by the statute of limitations.
The Court, in Cunningham v. Express Co., 67 N.C. 426, thus construed this last clause of the section: "The several cases respecting the *Page 135 
foreign corporations, it will be observed, are put disjunctively, and we think that the meaning is that in either of the three cases service may be made by delivery of a copy of the summons to one of the officers named in the first clause of the section, among which is the managing agent." At that time the word "director" was not in the section, but it has been added since. It is only when neither of these three conditions exist that the service is required to be made "upon the president, secretary, or treasurer thereof."
The defendant relies upon two cases in the U.S. Supreme Court,Goldey v. Morning News, 156 U.S. 518, and Conley v. Mathieson AlkaliWorks, 190 U.S. 406. In the first case it was held that in an action against a corporation neither incorporated nor doing business within a State and which has no agent or property therein, service of summons upon its president, temporarily within the jurisdiction, cannot be recognized as valid by the courts of any other government. This does not affect the present case, as the director upon whom service was (167) made was resident here. The other case relied on holds: "Service in New York of summons upon a director of a foreign corporation who resides
in New York is not sufficient to bring the corporation into court where, at the time of service, the corporation was not doing business in the State of New York." This case gives no reason beyond saying: "The principle announced in Goldey v. Morning News covers the case at bar." This it did not do. This last case, however, cites with approval the following fromGoldey v. Morning News: "Whatever effect a constructive service may be allowed in the courts of the same government, it cannot be recognized as valid by the courts of any other government. " Under our decisions above quoted, and upon which the plaintiff relied in bringing his action, the service is sufficient for a valid judgment, at least within our jurisdiction. What opportunity or method the plaintiff may have to enforce his judgment is not before us now for consideration.
The other assignment of error is that while the Maryland Casualty Company was a party (the court having found that it was a necessary part defendant), the court allowed the reading of the plaintiff's amended complaint charging that company with liability to him, and subsequently, on motion of the defendant, dismissed the action as to said casualty company under the ruling in Clark v. Bonsal, 157 N.C. 270. In that case the plaintiff had attached the contract of insurance to his complaint. This case is on all-fours with Wood v. Kincaid, 144 N.C. 393, in which the contract was not set out as an exhibit to the complaint and it could not be ascertained by the court till the plaintiff's evidence was in that it had no cause of action against the Maryland Casualty *Page 136 
Company. Then the action was dismissed as to the said casualty company upon motion of the defendant. It did not appear upon the face of the complaint that the casualty company was not a necessary party, and this could not be ascertained until the evidence of the plaintiff was in. Besides, it does not appear how reading to the court allegations in the complaint against another party, as to whom the nonsuit was afterwards taken, can have prejudiced this defendant. Even if read in the hearing of the jury, the complaint was read to the court only, and (168) if the jury paid any attention to it at all, they knew that it was not evidence, but merely the allegations of the plaintiff.
No error.