WILLIAM TINKER v. RICE MOTORS, INC.

(Filed 11 December, 1929.)

1. **Appeal and Error J c—Findings of fact supported by evidence are not subject to review.**

   Upon a motion to set aside a purported service of process and to dismiss the action, the findings of fact of the trial court in relation thereto, supported by the evidence, are not subject to review on appeal.

2. **Process B d—Local bookkeeper of foreign corporation is not agent on whom valid service of corporation can be made.**

   The local bookkeeper of a nonresident corporation, whose sole duty is to collect the defendant's account here, who is not an officer or director of the corporation, and who is without managing or supervisory authority and not clothed with discretion by his principal, is not an agent of the corporation on whom valid service of process on the corporation can be made.

APPEAL by plaintiff from *Johnson, Special Judge.* From BUNCOMBE. Affirmed.

*Pegram & Thornton and James E. Rector for plaintiff.*
*Lee, Ford & Coxe for defendant.*

ADAMS, J. This is a motion to set aside the purported service of process and to dismiss the action. The motion was allowed upon the following facts, which were found by the trial judge.

The plaintiff was indebted to the defendant on certain notes; also on agreements for the conditional sale of personal property. In January, 1929, J. E. Pierce, upon whom process in the present action was served, came to Buncombe County and made an effort to collect the amount due by the plaintiff to the defendant. Failing to make the collection he caused warrants to be issued charging the plaintiff with the felonious trading in Tennessee of property he did not own and with feloniously removing from Tennessee personal property the title to which had been retained, in violation of the laws of that State, and with being a fugitive from justice. After his arrest under these warrants the plaintiff sued

out a writ of *habeas corpus* and was released from custody. He then brought an action against the defendant for false imprisonment, abuse of process, and malicious prosecution, and caused process to be served on J. E. Pierce, who was the bookkeeper of the nonresident defendant, but not an officer or a stockholder or a general agent of the defendant or clothed with authority generally to make collections for the defendant. Pierce's sole authority in North Carolina and his sole business here were to collect the defendant's claim against the plaintiff and to take such legal action as was necessary to achieve this purpose. He was a witness neither in the trial before the justice of the peace nor upon the return of the writ of *habeas corpus.* The findings are not subject to review in this Court. *Higgs v. Sperry,* 139 N. C., 299.

Upon these facts it was adjudged that Pierce was not an agent upon whom process could be served in an action against the defendant, and that the action be dismissed.

It will be observed that the question is not whether the defendant, while in North Carolina, was immune from the service of process in an action against him personally, but whether service upon him subjected the defendant to the jurisdiction of the court in which the plaintiff instituted his action.

The first paragraph of C. S., 483, is as follows: "If the action is against a corporation, to the president or other head of the corporation, secretary, cashier, treasurer, director, managing or local agent thereof. Any person receiving or collecting money in this State for a corporation of this or any other State or government is a local agent for the purpose of this section. Such service can be made in respect to a foreign corporation only when it has property, or the cause of action arose, or the plaintiff resides, in this State, or when it can be made personally within the State upon the president, treasurer or secretary thereof."

Pierce, as the trial court found, was not a general and superintending agent of the defendant; he was therefore not a managing agent. *Cunningham v. Express Co.,* 67 N. C., 425. He did not have exclusive supervision and control of any department of the defendant's business, the management of which required the exercise of independent judgment and discretion. 21 R. C. L., 1353; *Furniture Co. v. Furniture Co.,* 180 N. C., 531. It is equally obvious that he was not a local agent. "The term local pertains to place, and a local agent to receive and collect money, *ex vi termini,* means an agent residing either permanently or temporarily for the purpose of his agency, and was not intended to embrace a mere transient agent. The mischief chiefly intended to be provided against, no doubt, was to give a remedy in our courts against corporations chartered in other States who make contracts in this State

and appoint special agents or attorneys in fact to make collections." *Moore v. Bank,* 92 N. C., 590. The scope of the word "agent" is given in *Whitehurst v. Kerr,* 153 N. C., 76: "While there is some apparent conflict of decision in construing these statutes providing for service of process on corporations arising chiefly from the difference in the terms used in the various statutes on the subject, the cases will be found in general agreement on the position that in defining the term agent it is not the descriptive name employed, but the nature of the business and the extent of the authority given and exercised which is determinative, and the word does not properly extend to a subordinate employee without discretion, but must be one regularly employed, having some charge or measure of control over the business entrusted to him, or of some feature of it, and of sufficient character and rank as to afford reasonable assurance that he will communicate to his company the fact that process has been served upon him." In accord with this are the preceding cases of *Kelly v. LeFaiver,* 144 N. C., 5, and *Higgs v. Sperry, supra.* The case of *R. R. v. Cobb,* 190 N. C., 375, may easily be distinguished. In view of the foregoing decisions the plaintiff's assignments of error must be resolved in favor of the appellee. The judgment is

Affirmed.