### J. B. BLADES LUMBER COMPANY v. THE FINANCE COMPANY OF AMERICA AT BALTIMORE.

(Filed 8 March, 1933.)

1. **Appeal and Error J c—**

   The findings of fact of the trial court in respect to service of summons are conclusive when supported by evidence.

2. **Process B d—Transient auditor of foreign corporation held not local agent of foreign corporation for purpose of service of process.**

   A traveling auditor for a foreign corporation who is a nonresident and who covers several states in the performance of his duties, and who is in this State intermittently and for short periods, is not a local agent for the purpose of service of process, the term local agent meaning an agent residing in this State permanently or temporarily for the purpose of his agency, and the fact that such agent received money for the corporation on a single instance does not alter this result, and service of process on such agent is not valid service on the corporation when such corporation has no property or place of business in this State. C. S., 483(1).

APPEAL by plaintiff from *Harris, J.,* at November Term, 1932, of CRAVEN. Affirmed.

The defendant entered a special appearance and moved to strike out a purported service of summons and to dismiss the action for want of service. The officer's return is: "Served 10/27/32, by delivering a copy of the within summons to F. J. Miller, agent of the Finance Company of America at Baltimore."

The defendant is a corporation of the State of Delaware, having its principal place of business in the city of Baltimore. In its affidavits

the defendant alleges that F. J. Miller is neither the president or other head of said corporation, nor is secretary, cashier, treasurer, director, managing or local agent, nor an agent for the purpose of service of summons upon the corporation. The plaintiff's affidavits allege that Miller is the defendant's agent for the purpose of collecting money.

Judge Harris found the facts to be as follows: The defendant has no office or place of business in the State of North Carolina at this time, nor has it had at any other time, and that it is not now, and was not on 27 October, 1932, nor at any other time, engaged in business in North Carolina; and that it has no property in this State.

F. J. Miller is a resident of the State of Pennsylvania, 28 years of age, employed by the defendant corporation as a traveling auditor under the supervision of its treasurer. His duties consist of examining the books and accounts of his employer's customers in various states. He arrived in New Bern 27 October, 1932, under direction to examine the books and accounts of J. B. Blades Lumber Company; he did so, made up a report thereon for his employer, and on the afternoon of the same day departed to perform similar duties in various states, as he had been previously directed by his employer. He visited several other towns in this State, examining books and accounts for his employer, but he was only transiently in this State. He was not regularly employed as a collector of accounts, but on his trip to New Bern he was specially authorized and instructed by letter from I. Strouse, treasurer of the defendant corporation, to collect the account due from the J. B. Blades Lumber Company, or to collect such part of it as he could and to try to get post-dated checks for such part as he was unable to collect in cash. He exhibited the letter to J. B. Blades, president of the plaintiff corporation, and while he was in New Bern the plaintiff corporation paid to him the sum of $50 to be credited on its account amounting to several thousand dollars due to the defendant corporation, and he executed a receipt therefor in the name of his employer and forwarded the payment to his employer at Baltimore, who retained it and credited it on account. While in New Bern Miller solicited the plaintiff corporation to send additional business to his employer, that is, to send additional notes and accounts for purchase or discount under an existing contract between them. Other traveling auditors of the defendant corporation had previously accepted payments from the plaintiff which had been credited to its account by defendant. Other traveling auditors had previously likewise solicited additional business. After the payment of $50 to Miller the copy of summons was delivered to him.

Upon these facts the court was of opinion that Miller was not such officer or agent of the defendant as the statute contemplates and that the

delivery of a copy of the summons to him did not constitute service of summons upon the defendant, and thereupon adjudged that the action be dismissed.

The plaintiff excepted and appealed.

*H. P. Whitehurst and R. E. Whitehurst for plaintiff.*
*John A. Guion for defendant.*

ADAMS, J. We are concerned not so much with the affidavits as with the court's findings of fact based upon the affidavits; and as the findings are supported by the evidence they are as conclusive as the verdict of a jury and are not subject to review. *Matthews v. Fry,* 143 N. C., 384; *Cox v. Boyden,* 175 N. C., 368; *Tyer v. Lumber Co.,* 188 N. C., 268; *Tinker v. Rice Motors, Inc.,* 198 N. C., 73.

The plaintiff is a domestic and the defendant a foreign corporation. The plaintiff undertook to bring the defendant into court by the service of process upon F. J. Miller. The question is whether the pretended service was effective against the defendant.

When an action is brought against a corporation the summons shall be served by delivering a copy thereof to the president or other head of the corporation, secretary, cashier, treasurer, director, or managing or local agent of the corporation. Any person receiving or collecting money in this State for a corporation of this or any other State or government is a local agent for the purpose of service; and such service can be made in respect to a foreign corporation only when it has property, or the cause of action arose, or the plaintiff resides, in this State, or when it can be made personally within the State upon the president, treasurer, or secretary. C. S., 483(1).

Was Miller a local agent of the defendant? In *Moore v. Bank,* 92 N. C., 591, the Court said: "The term *local* pertains to place, and a local agent to receive and collect money, *ex vi termini,* means an agent residing either permanently or temporarily for the purpose of his agency, and was not intended to embrace a mere transient agent." In a later case this definition was applied to a statement of facts impressively similar to those in the present case. *Tinker v. Rice Motors, Inc., supra.* Whether a person is the agent of another is to be determined by the nature of the business and the extent of the authority given and exercised; and to be an agent such person must be regularly employed and have some measure of control over the business, or some feature of the business, entrusted to him. *Whitehurst v. Kerr,* 153 N. C., 76. A traveling auditor is not a local agent (*Higgs v. Sperry,* 139 N. C., 299); and a single instance of receiving money can by no reasonable interpretation be considered the "receiving or collecting" of money on behalf of a corporation. *Kelly v. Lefaiver,* 144 N. C., 4.

Upon the authority of these and other cases dealing with the subject the judgment of the Superior Court must be affirmed. Miller was not a local agent of the defendant; he is a nonresident and was "transiently in this State" on a special and restricted mission; he went to New Bern on 27 October and on the same day "departed to perform similar duties," as his employer had directed. The defendant has never had any property or office or place of business in this State. Judgment

Affirmed.