MRS. MARY MAUNEY v. LUZIER'S, INC.

(Filed 15 December, 1937.)

1. **Process § 7d—Person regularly employed in making collections in this State is agent of foreign corporation for purpose of service of process.**

   In this action against a foreign corporation, it appeared from the facts found, supported by affidavits, that process was served on a person regularly employed in this State by defendant to receive and forward to defendant orders and service charges obtained and collected by defendant's soliciting agent, and to receive the total purchase price for goods sold by defendant in this State, in accordance with defendant's method of doing business herein. *Held:* The findings support the court's conclusion of law that the person upon whom process was served was defendant's local agent for the purpose of service of process under C. S., 483 (1).

2. **Same—**

   Where process is served on an agent regularly engaged in this State in receiving and collecting money for a foreign corporation, the validity of such service under C. S., 483 (1), is not affected by C. S., 1137, when it does not appear that defendant had designated a resident process agent in accord with the latter statute.

**3. Same—**

Where process is served on a foreign corporation by service under C. S., 483 (1), on its agent regularly employed in collecting money for it in this State, whether the corporation has complied with C. S., 1181, is immaterial on the question of the validity of such service.

**4. Same—**

Where the court finds that process was served on an agent regularly employed by defendant foreign corporation to collect money for it in this State, and finds facts in regard to the corporation's method of doing business in this State, the failure to find specifically that the corporation was engaged in business in this State is not fatal.

APPEAL by defendant from *Armstrong, J.,* at April Term, 1937, of GUILFORD. Affirmed.

Mrs. Mary Mauney instituted her action against Luzier's, Inc., a Missouri corporation, to recover damages for an injury alleged to have resulted from the use of certain cosmetics manufactured, sold and distributed by the defendant. The summons was served upon one C. C. Beck as agent of the defendant. In apt time defendant entered special appearance and moved to strike out the alleged service of summons, for the reason that the defendant did not transact business in North Carolina so as to be amenable to the jurisdiction of this Court, and for that the said C. C. Beck was not its local agent for the purpose of collecting or receiving money for it.

The court, after considering the affidavits filed on behalf of both parties, found the facts to be that the plaintiff is a citizen and resident of Guilford County, North Carolina; that the defendant is a corporation, organized and existing by virtue of the laws of the State of Missouri, with its principal office in Kansas City in said state, and that summons was served on C. C. Beck as agent of the defendant.

The court further found: "That C. C. Beck was, at the time of the service of summons in this action, in contemplation of sec. 483, subsec. 1, of the North Carolina Code of 1935, a local agent for the purpose of said section upon whom summons could be served, which said service of summons upon the said C. C. Beck, as agent of Luzier's, Inc., was good, valid, and binding service. That the orders given by the plaintiff, Mrs. Mary Mauney, to Mrs. Maude Kennedy, were put on order blanks of Luzier's, Inc., Kansas City, Missouri, a copy of which order blanks is attached to the affidavit of Mrs. Mary Mauney, plaintiff in this action, and filed herein, on which order blanks appeared the name of Mrs. Maude Kennedy as representative, and the name of C. C. Beck, 'Your Manager,' and on which order blanks appeared the following: 'A cash deposit is required on all orders. All orders are subject to a 10 per cent service charge—Mail order promptly—Do not

hold.' That on said order blanks appeared the following: 'Service charge covers: Increased Income Tax—Increased Postal Rates—Abandoned Delivery Charge—Excise Taxes and Emergency Expenses.' That said 10 per cent service charge, for the purposes on said order blanks specified, was collected by Mrs. Maude Kennedy from the plaintiff in Greensboro, North Carolina, at the time said orders were taken, forwarded to C. C. Beck, her manager, who resides in Charlotte, N. C., and in turn forwarded by C. C. Beck to Luzier's, Inc., thereby making and constituting C. C. Beck a local agent of Luzier's, Inc., in North Carolina, for the purpose of receiving and collecting money for and on behalf of said Luzier's, Inc., under and by virtue of sec. 483, subsec. 1, of the North Carolina Code of 1935. That in addition to said service charge collected upon the terms set forth in said order blanks of Luzier's, Inc., the total purchase price of purchases made by the said plaintiff in this action from the defendant in this action, Luzier's, Inc., was paid unto the said C. C. Beck, and that this course of dealing was in effect and in use by Luzier's, Inc., the defendant in this action, on the date of service of summons in this action on C. C. Beck, agent of Luzier's, Inc."

Thereupon it was adjudged that the service of process on the defendant was legal and valid and defendant's motion to dismiss was denied. Defendant appealed.

*King & King for plaintiff, appellee.*
*Sapp & Sapp for defendant, appellant.*

DEVIN, J. The question presented by this appeal is whether the facts found by the court below are sufficient to sustain the judgment that the service of process on the defendant was in all respects legal and valid.

The pertinent provisions of the statute, C. S., 483 (1), prescribing the method of service of process on corporations, resident and nonresident, require that the summons be served upon an officer of the corporation or "managing or local agent thereof. Any person receiving or collecting money in this State for a corporation of this or any other state or government is a local agent for the purpose of this section. Such service can be made in respect to a foreign corporation only when it has property, or the cause of action arose, or the plaintiff resides, in this State."

This statute was construed by this Court in *Whitehurst v. Kerr,* 153 N. C., 76, 68 S. E., 913, and it was there held that the service on the managing local agent of a foreign corporation was valid when (1) the corporation had property in the State, or (2) when the cause of action arose therein, or (3) when the plaintiff resides in the State.

And with further reference to the definition of the words "local agent," the Court, in that case, used this language: "In defining the term 'agent' it is not the descriptive name employed, but the nature of the business and the extent of the authority given and exercised which is determinative, and the word does not properly extend to a subordinate employee without discretion, but must be one regularly employed, having some charge or measure of control over the business entrusted to him or of some feature of it, and of sufficient character and rank as to afford reasonable assurance that he will communicate to his company the fact that process has been served upon him."

This statute, C. S., 483 (1), has been many times considered by this Court and the general principle stated in *Whitehurst v. Kerr, supra,* approved. *Lunceford v. Association,* 190 N. C., 314, 129 S. E., 805; *Lumber Co. v. Finance Co.,* 204 N. C., 285, 168 S. E., 219; *Steele v. Tel. Co.,* 206 N. C., 220, 173 S. E., 583.

In the case at bar it appears from the facts found, supported by affidavits, that the defendant's method of handling its business was that the defendant's representative or soliciting agent took the order of the customer, with a cash deposit of ten per cent service charge, and forwarded the order and cash to C. C. Beck, the representative's manager, in Charlotte, North Carolina, who in turn forwarded the same to the defendant's home office, and that in addition to the service charge the total purchase price of goods was paid to C. C. Beck for the defendant. Illustrating the extent of defendant's business in the State, it may be noted that it is stated in plaintiff's affidavit that the volume of sales by defendant in North Carolina amounts to between $150,000 to $250,000 annually, and that C. C. Beck received a compensation of $12,000 to $15,000 per annum.

To constitute one a local agent of a nonresident corporation, as defined by the North Carolina statute, requires something more than the mere solicitation of orders and the shipment of goods in fulfillment of those orders. *Peoples Tob. Co. v. Am. Tob. Co.,* 246 U. S., 79; *Int. Harvester Co. v. Ky.,* 234 U. S., 579; *Riverside Cotton Mills v. Menefee,* 237 U. S., 189; *Tignor v. Balfour,* 167 Va., 58, 187 S. E., 468. The fact that the agent within the State is engaged regularly in making collections for the goods sold is to be taken as the distinguishing fact. *Hilton v. Northwestern Expanded Metal Co.,* 16 F. (2), 821.

In *Brown v. Coal Co.,* 208 N. C., 50, 178 S. E., 858, cited by appellant, it was found that the defendant corporation had no agent in the State and was not doing business in the State.

If the court below has correctly found that the plaintiff has procured service of summons on an agent of the defendant who was regularly engaged in receiving and collecting money for it in this State in accord

with C. S., 483 (1), the validity of this service would not be affected by the provisions of C. S., 1137, since it does not appear that the defendant has designated a resident process agent in accord with that statute. Whether defendant has complied with C. S., 1181, is immaterial in so far as this plaintiff's action is concerned, if, as found as a fact by the court below, the defendant has a local agent collecting and receiving money for it, upon whom service was properly had.

The failure of the court below to find specifically that the defendant was doing business in the State does not afford the defendant ground for complaint, since the court found the facts as to the method and course of dealing of defendant with its customers and representatives.

We conclude that the court below has correctly ruled and that the judgment must be

Affirmed.