McDONALD SERVICE COMPANY v. PEOPLE'S NATIONAL BANK OF ROCK HILL, SOUTH CAROLINA.

(Filed 27 November, 1940.)

**1. Process § 6d—**

A "local" agent of a foreign corporation for the purpose of service of summons under C. S., 483, is an agent residing in this State permanently or temporarily for the purpose of the agency.

**2. Same—**

An "agent" of a foreign corporation for the purpose of service of summons under C. S., 483, is a person or corporation given power to act in a representative capacity with some discretionary supervision and control over the principal's business committed to his care, and one who may be reasonably expected to notify his principal that process had been served on him.

**3. Same—**

In the absence of any express authority, the question of whether a person or corporation in this State is the local agent of a foreign corporation for the purpose of service of summons under C. S., 483, depends upon the surrounding facts and the inferences which the Court may properly draw from them.

**4. Same—Depository bank held not local agent of foreign bank for the purpose of service of process under C. S., 483.**

The facts found by the court below upon the uncontroverted evidence appearing by affidavit and by stipulation of the parties, were to the effect that the bank, chartered by this State, upon which process was served, acted as a depository for the nonresident defendant bank, received money of the defendant for deposit, honored checks of the defendant drawn on it, charged currency to defendant as and when requested, and discounted notes of defendant's customers for defendant. *Held:* The depository bank was engaged in the discharge of the very functions for which it was organized, and it was conducting its own business and not that of the defendant, and the relation existing between the banks was that of creditor and debtor and not that of principal and agent, and therefore the depository bank was not the local agent of the nonresident bank for the purpose of service of summons under C. S., 483. Further, it would seem that the nonresident bank was not doing business in North Carolina, since the business transacted here was the business of the depository bank.

APPEAL by plaintiff from *Johnston, Special Judge,* at October Special Term, 1940, of MECKLENBURG. Affirmed.

Motion, made on special appearance, to vacate purported service of process and to dismiss the action.

The facts found by the court below upon uncontroverted evidence appearing by affidavit and by stipulation of the parties may be summarized as follows:

The defendant, People's National Bank of Rock Hill, South Carolina, is a nonresident corporation with its domicile and place of business in the city of Rock Hill, South Carolina, and the American Trust Company of Charlotte is a banking institution organized under the laws of North Carolina, with its principal place of business in the city of Charlotte, North Carolina. For a period of twenty years the American Trust Company has performed the following services for the defendant: (a) acted as depository; (b) received money of the defendant for deposit; (c) received checks, drafts and acceptances for collection and deposit; (d) honored checks of the defendant drawn on it; (e) charged currency to defendant as and when requested; (f) discounted notes of defendant's customers for defendant.

When items for collection and credit were received, those drawn on other banks within Charlotte were collected through the Charlotte clearing house and those drawn on out-of-town banks were credited and collected either through the Federal Reserve System or through some other bank.

On 1 October, 1940, the date of service of summons, the American Trust Company received from the defendant three cash letters with a number of checks, accompanied by deposit tickets. The amount of these checks was placed to defendant's credit and collected in the usual course. On the same day it received a letter with collection items which were to be collected by the American Trust Company and placed to defendant's credit and which were collected and so credited 2 October. Likewise, on 1 October, it paid a check of defendant in the amount of $90,000 and charged back to defendant two items which had been previously credited to its account. On that date it had on deposit to the credit of defendant an amount in excess of $500,000.00.

One of the cash or collection letters received by the American Trust Company from the People's National Bank on 1 October, 1940—which was typical of others—was in the form as follows: (From) People's National Bank, Rock Hill, S. C., September 30, 1940, (To) American Trust Company, Charlotte, North Carolina. "We enclose for collection and (credit to our account) items as follows (here were listed 228 items for collection aggregating the sum of $10,976.71), John G. Barron, Cashier."

Service was had in this action on 1 October, 1940, by delivering a copy of the summons and verified complaint to C. B. Campbell, who is secretary-treasurer of the American Trust Company, upon the theory that the said bank is a local agent of the defendant within the meaning of C. S., 483.

When the cause came on to be heard by the court below, upon the facts found, the court concluded that the American Trust Company is not a local agent of the defendant within the meaning of C. S., 483, and thereupon entered judgment sustaining the motion of the defendant and invalidating the service of process.    Plaintiff excepted and appealed.

*Jno. H. Small, Jr., for plaintiff, appellant.*

*Whitlock, Dockery & Shaw and Lenoir C. Wright for defendant, appellee.*

BARNHILL, J.    The only question presented on this appeal is this: Is the American Trust Company, on the uncontroverted facts found by the court, a local agent of the defendant, a foreign corporation, upon whom valid service of summons may be had under the provisions of C. S., 483?    The court below answered this question in the negative. In this conclusion we concur.

The exact provisions of C. S., 483, as they relate to the service of process upon a foreign corporation, have heretofore been outlined and discussed by this Court in a number of cases.    *Cunningham v. Express Co.,* 67 N. C., 425; *Higgs v. Sperry,* 139 N. C., 299; *Tinker v. Rice Motors, Inc.,* 198 N. C., 73, 150 S. E., 701; *Steele v. Telegraph Co.,* 206 N. C., 220, 173 S. E., 583; *Mauney v. Luzier's, Inc.,* 212 N. C., 634, 194 S. E., 323.    Further repetition would serve no good purpose.

The term local, as used in the statute, pertains to place and a local agent to receive and collect money *ex vi termini* means an agent residing either permanently or temporarily within the State for the purpose of his agency.    *Moore v. Bank,* 92 N. C., 592; *Tinker v. Rice Motors, Inc., supra.*    The term as used in C. S., 483, contemplates some control over and discretionary power in respect to the corporate functions of the defendant.    A local agent is one who stands in the shoes of the corporation in relation to the particular matters committed to his care.    He must be one who derives authority from his principal to act in a representative capacity.    *Watson v. Plow Co.,* 193 Pac., 222 (Wash.), and who may be properly termed a representative of the foreign corporation. *St. Clair v. Cox,* 106 U. S., 350, 27 L. Ed., 222.    Anno. 113 A. L. R., 41. He must have the power to represent the foreign corporation in the transaction of some part of the business contemplated by its charter, *Booz*

*v. Texas & P. R. Co.,* 250 Ill., 376, 95 N. E., 460; and he must represent the corporation in its business in either a general or limited capacity. *Peterson v. Chicago R. I. & P. R. Co.,* 205 U. S., 364, 51 L. Ed., 841. Thus the question is to be determined from the nature of the business and the extent of the authority given and exercised. *Lumber Co. v. Finance Co.,* 204 N. C., 285, 168 S. E., 219. It is merely a question whether the power to receive service of process can reasonably and fairly be implied from the character of the agency in question. *Conn. Mutual Life Ins. Co. v. Spratley,* 172 U. S., 602, 43 L. Ed., 569; *Board of Trade v. Hammond Elevator Co.,* 198 U. S., 424, 49 L. Ed., 1111.

In the absence of any express authority the question depends upon a review of the surrounding facts and upon the inference which the court might properly draw from them. If it appear that there is a law of the State in respect to the service of process on foreign corporations, and that the character of the agency is such as to render it fair, reasonable and just to imply an authority on the part of the agent to receive service the law will and ought to draw such an inference and to imply such authority, and service under such circumstances and upon an agent of that character will be sufficient. *Conn. Mutual Life Ins. Co. v. Spratley, supra; St. Clair v. Cox, supra.*

Furthermore, the provisions for the service of summons upon agents of nonresident corporations must not encroach upon the principles of natural justice which require notice of a suit to a party before he can be bound by it. They must be reasonable and the service provided for should be only upon such agents as may be properly deemed representatives of the foreign corporation. *St. Clair v. Cox, supra; Whitehurst v. Kerr,* 153 N. C., 76, 68 S. E., 913; *Higgs v. Sperry, supra; Steele v. Telegraph Co., supra.*

A definition of local agent, as used in the statute under consideration, which has been followed and approved by the courts of this and other states, is given by *Hoke, J.,* in *Whitehurst v. Kerr, supra,* as follows: "While there is some apparent conflict of decision in construing these statutes providing for service of process on corporations arising chiefly from the difference in the terms used in the various statutes on the subject, the cases will be found in general agreement on the position that in defining the term agent it is not the descriptive name employed, but the nature of the business and the extent of the authority given and exercised which is determinative, and the word does not properly extend to a subordinate employee without discretion, but must be one regularly employed, having some charge or measure of control over the business entrusted to him, or of some feature of it, and of sufficient character and rank as to afford reasonable assurance that he will communicate to his

company the fact that process has been served upon him.   19 Enc. Pl. & Pr., 665, 676, 677; *Simmons v. Box Co.,* 148 N. C., 344; *Jones v. Ins. Co.,* 88 N. C., 499; *Angerhoefer, Jr., v. Bradstreet Co.,* 22 Fed., 305; *Hill v. St. Louis Ore & Steel Co.,* 90 Mo., 103." See also *Furniture Co. v. Bussell,* 171 N. C., 474, 88 S. E., 484; *Furniture Co. v. Furniture Co.,* 180 N. C., 531, 105 S. E., 176; *Tinker v. Rice Motors, Inc., supra; Mauney v. Luzier's, Inc., supra.*

Applying this definition of local agent, although it appeared that the relationship, in some aspects, was that of principal and agent, it has been held that a caretaker serving without compensation and who has sold and received pay for one or two articles and applied the proceeds in payment of the corporate watchman, *Kelly v. Lefaiver & Co.,* 144 N. C., 4; a foreman of the corporation who acts under orders of a superintendent who is present at the time, *Simmons v. Box Co., supra;* an attorney for a foreign corporation who has claims to collect in this State, *Moore v. Bank, supra;* a bookkeeper of a nonresident defendant who is not clothed with authority generally to make collection who is in this State for the purpose of collecting a particular account, *Tinker v. Rice Motors, Inc., supra;* a representative of a foreign corporation who solicits orders to be filled by the shipment of goods from the home office, *Mauney v. Luzier's, Inc., supra;* and a broker or commission merchant who maintains a local office at his own expense and solicits orders for the sale of goods within the State by a foreign corporation, such orders being subject to approval by the corporation at its office in another State and the goods sold being shipped from the other State directly to the purchasers and the corporation makes all collections through its home office, Anno. 60 A. L. R., 1038, are not local agents upon whom service of process may be had.

And, dealing with a situation similar to but somewhat stronger than the one here presented, it was held in *Bank of America v. Whitney Central National Bank,* 171 U. S., 173, 67 L. Ed., 594, that a bank located in one State does not do business in another merely because it has a correspondent in such other State with which it keeps an active account, and which transacts for it the business usually transacted by a correspondent bank.   There *Mr. Justice Brandeis* said: "The Whitney Central had what would popularly be called a large New York business. The transactions were varied, important, and extensive.   But it had no place of business in New York.   None of its officers or employees was resident there.   Nor was this New York business attended to by any one of its officers or employees resident elsewhere.   Its regular New York business was transacted for it by its correspondents—the six independent New York banks.   They, not the Whitney Central, were doing its busi-

ness in New York.   In this respect their relationship is comparable to that of a factor acting for an absent principal.   The jurisdiction taken of foreign corporations in the absence of statutory requirement or express consent, does not rest upon a fiction of constructive presence, like *qui facit per alium facit per se.*   It flows from the fact that the corporation itself does business in the State or district in such a manner and to such an extent that its actual presence there is established.   That the defendant was not in New York, and, hence, was not found within the district, is clear."   Certainly, if the correspondent bank, on the facts stated, is conducting its own business and not the business of its customer, in so doing it is not the agent of such customer.

While this Court has held that in certain respects in connection with transactions between one who delivers to a bank negotiable paper for collection and the bank, the relationship is that of principal and agent, this principle is applied purely for the purpose of determining the relative rights and liabilities of the parties in connection with the transaction.   Under the facts found by the court the relationship between the American Trust Company and the defendant was that of depository bank and customer—creditor and debtor—and not that of principal and agent. The services rendered by the American Trust Company to the defendant were those of a depository bank.   In the various transactions outlined, the American Trust Company was engaged in the discharge of the very functions for which it was organized.   It was conducting its business and not the business of the defendant.   In no sense can it be said that it was the local agent of the defendant within the meaning of C. S., 483. To so hold would make every bank a local agent for many, if not all, of its corporate depositors, upon which service of process could be had. This would extend the meaning and purpose of the statute far beyond that contemplated by the Legislature.

The correlated question—is the defendant doing business in North Carolina—is presented in the briefs.   This question we need not discuss. It is sufficient to say that if the American Trust Company was not the agent of the defendant in respect to the transactions outlined, then it follows as. a matter of course that the defendant is not doing business in North Carolina.

The judgment below is

Affirmed.