THE JOHN CHURCH COMPANY v. E. S. DAWSON AND S. P. WILLIS, TRADING AS E. S. DAWSON & CO.

(Filed 6 December, 1911.)

1. Reference—Findings of Fact—Evidence—Appeal and Error.

The findings of fact by the referee upon competent evidence, confirmed by the trial judge, are not reviewable on appeal.

2. Same—Exceptions—Error Assigned—Procedure.

The Court will not review exceptions of law to a referee's report unless they are passed upon by the trial judge and unless the judge's rulings are especially assigned as error in the transcript on appeal sent to the Supreme Court.

3. Courts — Discretion — Counterclaim—Amendments—Appeal and Error.

The filing of an amended answer setting up a counterclaim is in the discretion of the trial judge and is not reviewable on appeal.

4. Pleadings—Counterclaim—Principal and Agent—Contract—Subject-matter.

In an action relating to dealings between a principal and his sales agent, a counterclaim is properly set up when its subject-matter grew out of and related to the dealings between the parties or the contract of employment.

5. Reference—Trial by Jury—Exceptions—Issues Tendered—Procedure.

A party to a compulsory reference should not only have proper exceptions entered, but tender the issues arising from the evidence and attach them to his exceptions to the referee's report when he desires to preserve his right to a trial by jury thereon.

6. Reference—Exceptions Abandoned Below—Waiver.

Exceptions to a referee's report abandoned before the trial judge are deemed as waived on appeal.

7. Appeal and Error—Exceptions, Broadside.

An exception to the judgment of the lower court affirming the referee's report is a broadside exception, and will not be considered on appeal.

APPEAL from *O. H. Allen, J.,* at May Term, 1911, of BEAUFORT.

Civil action heard upon the report of Referee C. H. Harding, upon exceptions filed by both parties.

The original reference was compulsory as to plaintiff, but on the hearing before the Superior Court a trial by jury was waived and by consent the judge passed upon the exceptions to the findings of fact by referee as well as upon his conclusions of law.

His Honor adopted all the findings of fact of the referee except in respect to the fourth and eleventh findings. In these the court made some changes in the figures and amounts as stated by the referee. His Honor overruled all other exceptions to findings of fact.

His Honor affirmed the third, fourth, and fifth conclusions of law of the referee and modified the first and second conclusions of law. The court rendered judgment against plaintiff in favor of the defendant for $1,144.96 and costs. The plaintiff appealed.

*Wiley C. Rodman for plaintiff.*

*Small, MacLean & McMullan and Ward & Grimes for defendant.*

PER CURIAM. We have examined this record with care and find that the controversy involves a statement of account between plaintiff and its former agents in regard to the sale of pianos. The controversy is one over facts almost exclusively, and his Honor's findings of fact are binding upon us, there being sufficient evidence to support them. The conclusions of law necessarily follow from the facts as found.

There are six assignments of error set out at end of case on appeal. This Court does not review exceptions of law to a referee's report unless they are passed upon by the judge and unless the judge's rulings are especially assigned as errors in the transcript on appeal sent to this Court.

1. The defendants were allowed to file an amended answer setting up a counterclaim. This was a matter within the discretion of the court, and is not reviewable. The counterclaim is a proper one, because it not only grew out of and related to the dealings in pianos between plaintiff and defendant, but it arises out of contract also. Revisal, sec. 481, subdiv. 2.

2. The court ordered a compulsory reference. This would have entitled plaintiff to a jury trial on the issues of fact raised by exceptions to the report, but it was plaintiff's duty to tender the issues arising and attach them to his exceptions to the report; but plaintiff abandoned that right when in open court a jury trial was waived.

3. Assignments of error numbers 3, 4, and 5 relate to evidence, which we think was properly admitted and that it is useless to discuss.

The sixth assignment of error is in these words: "The court, on the hearing upon the referee's report, signed the judgment as set out in the record.

This is a broadside exception to the judgment, and presents no question of law for our review.

The judgment is

Affirmed.