This is an appeal from a judgment rendered in the above entitled action against the respondent, the Battery Park Bank of Asheville, N.C. on the motion of the plaintiff, heard out of the district at Statesville, N.C. by consent, upon a rule to show cause why said respondent should not be required to file statement and pay to the commissioner appointed in this action all such funds as had been deposited with it by the defendant, or come into its hands since 10 May, 1915, from the proceeds of sales of the property attached in this action.
The said judgment was rendered upon a consideration of the proceedings in this action as appears of record, and on file herein, *Page 613 
and the affidavits and proofs offered on said hearing before Judge B. F. Long, as follows:
(1) This action was begun in the Superior Court of Burke County on 26 April, 1915, by summons issued out of the Superior Court of Burke County, and an attachment therein levied upon the property of the defendant; that a part of the said property consisted of a carload of lumber, which was levied on under said attachment at Hickory, in Catawba County, while in the act of being shipped out of the State to M. P. Berglass Company of New York, to whom it had been consigned by the defendant.
(2) That shortly after this action was instituted, to wit, on 10 May, 1915, an agreement was entered into between the plaintiff, Morganton Manufacturing Trading Company, and filed and the defendant, Foy-Seawell Lumber Company, and filed and (572) made a part of the record whereby it was stipulated that the defendant might sell and dispose of the Berglass car of lumber and other property attached and deposit the proceeds of such sale or sales with the Battery Park Bank of Asheville, N.C. to be held by said bank pending the outcome of said action; the said agreement reciting, among other things, "that, whereas, a car of lumber has been loaded and billed to M. P. Berglass Company, of Brooklyn, N. Y., and whereas, the draft covering said shipment has been assigned to the Battery Park Bank of Asheville, N.C. for collection, and whereas, a portion of the balance of said lumber, now at Morganton, N.C. has been sold by the defendant: It is, therefore, agreed that the said car of lumber consigned and billed to the said M. P. Berglass Company, of Brooklyn, N. Y., be released from said attachment, and that the proceeds of the sale of said car of lumber be deposited in and held by the Battery Park Bank of Asheville, N.C. pending the outcome or settlement of said suit, subject to the rights of both plaintiff and defendant, and without prejudice."
(3) That after said agreement had been filed and made a part of the record, as aforesaid, to wit, at the October Term, 1915, of the Superior Court of Burke County, the said Battery Park Bank came into court by and through its attorneys, Lee Ford, and intervened and made itself a party to this action by filing affidavit in which it set up title under mortgage to a part of the property attached in this action, including a part of that contained in the Berglass car, which was shipped in the name of the defendant to New York and sold under said agreement.
His Honor made the following findings, among others:
"Fourth. I find that after the making of said agreement, to wit, on the hearing before the referee, the said bank set up title *Page 614 
under its said mortgage to a part of the lumber contained in the Berglass car, and to certain other portions of the property attached in this action. The records and admissions show that the same attorneys for the defendant company also represented the bank during the litigation, and now A. B. Foy himself admits that under the agreement of plaintiff and defendant, signed by the attorneys on both sides, he deposited the proceeds of the car shipped to the French Broad Lumber Company with the Battery Park Bank.
"Fifth. I find that the value of the property removed and embraced in the agreement is apparently as much as $1,650 in value, and that the defendant, Foy Seawell Lumber Company, was at the time of said agreement insolvent, and this was known by the said bank at the times the defendant made deposits with it after 10 May, 1915.
"Sixth. I find that after the making of said agreement (573) the defendant, Foy-Seawell Lumber Company, from 11 May, 1915, to 27 April, 1917, had on deposit with the said bank the sum of $2,229.91, and that said defendant was allowed to check out all of said deposits in excess of $30.94 — but to whom the payments of $2,198.97 were made is not shown in bank's answer. The balance of $30.94 was paid to Commissioner Halliburton."
An order was then made upon the findings directing the bank to pay to the commissioner the money it had received under the agreement, and the bank excepted and appealed, assigning the following errors:
For that the court erred in its finding of facts as set out in respondent's first exception, which is as follows:
"1. His Honor, Judge Long, in his judgment, in the latter part of finding of fact No. 2, finds, among other things, `the bank holding the bill of lading for said car of lumber' (stenographer's notes, p. 135), to which finding of fact the respondent, Battery Park Bank, in apt time objected and excepted.
"2. I find that after said bank was made a party to this action, to wit, at the August Term, 1916, of Burke Superior Court, an order was made in this action reciting that the car of lumber attached herein and billed to Berglass Company had been released with the agreement that the proceeds thereof were to be placed in the hands of a trustee to await the determination of this action. The judgment of Judge Webb, December Term, 1918, is made a part of this finding.
"3. I find that the value of the property removed and embraced in the agreement is apparently as much as $1,650 in value, and that the defendant, Foy-Seawell Lumber Company, was at the time of *Page 615 
said agreement insolvent, and this was known by the said bank at the times the defendant made deposits with it after 10 May, 1915.
"4. His Honor, Judge Long, signed the judgment appearing in record, to which the Battery Park Bank in apt time objected, and excepted."
It will be noted that the first, second, and third assignments of error are based on exceptions to findings of fact of his Honor, and not on the ground there is no evidence to support them, and, "A jury trial being waived, the findings of fact by the judge have the force and effect of a verdict, and are conclusive upon us, in the absence of an exception that there is no evidence to support them." Caldwell County v. George,176 N.C. 608.
The fourth assignment, if it is merely to the act of signing the judgment, is formal, and "presents no question (574) of law for review" (Church v. Dawson, 157 N.C. 566), and, if treated as an exception to the judgment, it presents the single question whether the facts found or admitted are sufficient to support the judgment (Ullery v. Guthrie, 148 N.C. 419), and we are of opinion that the findings that the property attached was sold and the proceeds deposited in bank by agreement of the parties, which was made a part of the record, and that the bank received the money under the agreement, are ample to justify an order requiring the bank, which had undertaken to set up an adverse claim, to pay the money to another commissioner appointed by the court.
"Every court out of which process is issued has general superintending power over moneys collected thereon." 7 R.C.L. 1034.
Affirmed.
Cited: Distributing Corp. v. Seawell, 205 N.C. 359; Wilson v.Charlotte, 206 N.C. 858; Orange Co. v. Atkinson, 207 N.C. 596; Gettys v.Blanton, 210 N.C. 837; Best v. Garris, 211 N.C. 307; Morgan v. Norwood,211 N.C. 607; Swink v. Horn, 226 N.C. 716; Heath v. Mfg. Co., 242 N.C. 218. *Page 616