MRS. J. T. PLOTT, ADMINISTRATRIX OF J. T. PLOTT, v. M. J. MICHAEL AND CHOPAX TEXTILE COMPANY, INC.

(Filed 4 January, 1939.)

1. Process § 7d—Affidavits held insufficient to show that person upon whom process was served was "local agent" of foreign corporation.

Affidavits in this action by a resident plaintiff on a cause of action arising in this State, showed that service of process was had on the non-resident defendant corporation by service on its traveling soliciting agent in this State, that the agent was not authorized to, and actually did not, receive or collect money for the corporate defendant, that he was a subordinate employee taking orders for goods of the corporate defendant from persons designated by it, at fixed prices, with little discretion vested in him, and exercising no control or management over the corporate functions. *Held:* The agent was not a "local agent" for the purpose of service of summons within the meaning of C. S., 483 (1), and service upon him as agent of the corporate defendant was properly stricken out.

2. **Process § 7b—Affidavits held not to show that nonresident corporation had "property" in this State for purpose of service under C. S., 1137.**

Plaintiff's affidavits showing that the property of the nonresident defendant corporation in this State consisted of samples, order blanks and stationery furnished its soliciting agent, are insufficient to show that the corporate defendant had property in this State for the purpose of service of process on it by service on the Secretary of State under the provisions of C. S., 1137.

3. **Same—Affidavits held not to show that nonresident corporation was doing business in this State for purpose of service under C. S., 1137.**

Plaintiff's affidavits tended to show that the nonresident defendant corporation employed a traveling soliciting agent who took orders in this State, which were forwarded to its home office in another state, there to be approved or rejected. *Held:* The contracts of sale were made in the state in which defendant maintained its home office, since the last act essential to a meeting of the minds was done therein, and the evidence fails to show that the defendant corporation was doing business in this State for the purpose of service of process on it by service on the Secretary of State under C. S., 1137.

APPEAL by plaintiff from *Grady, J.,* at August Term, 1938, of GUILFORD. Affirmed.

*Smith, Wharton & Hudgins and Welch Jordan for plaintiff, appellant.
Sapp & Sapp for Chopax Textile Company, appellee.*

SCHENCK, J. This is an action to recover damages for the wrongful death of the plaintiff's intestate, alleged to have been caused by the negligent operation of an automobile by the defendant Michael, while in the employment of the defendant Chopax Textile Company, Inc.

The first summons was issued on 24 February, 1938, to the sheriff of Mecklenburg County and was served on the corporate defendant "by reading and delivering a copy of the within summons, together with a copy of the complaint to . . . M. J. Michael, as agent and employee of the defendant Chopax Textile Company, Inc." On 11 March, 1938, the corporate defendant, under special appearance, moved to strike out and set aside the service.

The second summons was issued on 17 March, 1938, to the sheriff of Wake County and was served on the corporate defendant "by reading and delivering a copy to Thad Eure, Secretary of State of the State of North Carolina, as statutory process agent under C. S., 1137, for said Chopax Textile Company, Inc." On 29 March, 1938, the corporate defendant, under special appearance, moved to strike out and set aside this service.

From judgment allowing the motions of the corporate defendant to strike out said services of summons the plaintiff appealed, assigning errors.

The appeal presents two questions: First, Was the service upon W. J. Michael as agent and employee of the Chopax Textile Company, Inc., by the sheriff of Mecklenburg County valid as to the corporate defendant under C. S., 483? And second, Was the service upon Thad Eure, Secretary of State, as process agent, valid as to the Chopax Textile Company, Inc., under C. S., 1137? We will discuss the questions in the order stated.

First: C. S., 483, reads: "The summons shall be served by delivering a copy thereof in the following cases:

"1. If the action is against a corporation, to the president or other head of the corporation, secretary, cashier, treasurer, director, managing or local agent thereof. Any person receiving or collecting money in this State for a corporation of this or any other state or government is a local agent for the purpose of this section. Such service can be made in respect to a foreign corporation only when it has property, or the cause of action arose, or the plaintiff resides, in this State, or when it can be made personally within the State upon the president, treasurer or secretary thereof."

It is admitted that the plaintiff resides in the State of North Carolina and that the cause of action alleged arose therein, and that the corporate defendant is a foreign corporation. The plaintiff contends that M. J. Michael is a "local agent" of the corporate defendant, as that term is used in the statute. The defendant contends that M. J. Michael is not a "local agent" as contemplated by the statute.

The affidavits upon which the case was heard divulge that Michael was not authorized to, and actually did not, receive or collect money for the corporate defendant. He was a subordinate employee, taking orders for the goods of the corporate defendant, from those designated by it at prices fixed by it, with little discretion vested in him, and exercising no control or management over the corporate functions of the corporate defendant. He was only a traveling soliciting agent and did not fall within the holding of *Whitehurst v. Kerr,* 153 N. C., 76.

The instant case is distinguishable from *Mauney v. Luzier's, Inc.,* 212 N. C., 634, in that in the *Mauney case, supra,* the agent upon whom service was made received and collected money for the defendant foreign corporation, thereby bringing such agent within the specific provision of the statute.

"In order to subject a foreign corporation to service of process within a state, the business done by it therein must be of such a nature and character as to warrant the inference that the corporation has subjected itself to the local jurisdiction, and is, by its duly authorized officers or agents, present within the state or district where service is attempted." 2nd Syllabus of *Tobacco Co. v. Tobacco Co.,* 246 U. S., 79 (62 Law Ed., 587), and cases there cited.

We therefore hold that his Honor was correct when he adjudged that the service upon Michael as agent of the corporate defendant be stricken out.

Second: C. S., 1137, reads: "Every corporation having property or doing business in this State, whether incorporated under its laws or not, shall have an officer or agent in this State upon whom process in all actions or proceedings against it can be served. A corporation failing to comply with the provisions of this section is liable to a forfeiture of its charter, or to the revocation of its license to do business in this State. In the latter event, process in an action or proceeding against the corporation may be served upon the Secretary of State by leaving a true copy thereof with him, and he shall mail the copy to the president, secretary or other officer of the corporation upon whom, if residing in this State, service could be made. . . ."

It appears that Chopax Textile Company, Inc., is a foreign corporation, being domiciled in the State of New York, and that it has failed to designate an officer or agent in this State upon whom process in actions against it may be served. The plaintiff contends that the corporate defendant had property in and was doing business in North Carolina, and is therefore subject to the statute; and the corporate defendant contends that it neither had property in nor was doing business in North Carolina, and consequently was not amenable to the statute.

The only property which the corporate defendant had in this State, as divulged by the affidavits upon which the case was heard, was the samples, order blanks and stationery furnished its soliciting agent, Michael. We concur with his Honor that this "property" of inconsequential value is insufficient to meet the requirements of the statute.

The only evidence of the corporate defendant doing business in this State was that tending to show that Michael solicited orders for its products in this State and took such orders, which were forwarded to the home office of the corporate defendant in New York to be approved or rejected there. This procedure made the contracts of sale and purchase New York contracts and the business done was therefore done in New York, not in North Carolina.

"Moreover, it is a generally accepted principle that 'the test of the place of a contract is as to the place at which the last act was done by either of the parties essential to a meeting of minds. Until this act was done there was no contract, and upon its being done at a given place, the contract became existent at the place where the act was done. Until then there was no contract.' Wharton Conflict of Laws (3rd Ed.), sec. 422 (a); *C. I. T. Corporation v. Sanderson,* 43 Fed., 2d, 985." *Bundy v. Commercial Credit Co.,* 200 N. C., 511 (515).

Since the Chopax Textile Company, Inc., had no property in, and did no business in North Carolina, we hold that his Honor was correct when he adjudged that the service upon Thad Eure, as Secretary of State, as process agent, be stricken out.

The judgment of the Superior Court is

Affirmed.