SCHOENITH, INC., v. ADRIAN X-RAY MANUFACTURING COMPANY, A CORPORATION, AND M. B. ADRIAN, TRADING AS ADRIAN X-RAY MANUFACTURING COMPANY.

(Filed 19 November, 1941.)

**1. Appeal and Error § 37e—**

Upon defendant's motion, made on special appearance, to set aside service of summons and to dismiss the action, the court's findings are conclusive when supported by competent evidence even though there is conflict in the affidavit testimony.

**2. Process § 6d—**

Defendant is a nonresident corporation without property in this State and is not licensed to do business and does not maintain a process agent here. Summons was served on its director who came to this State for the purpose of servicing a machine which it had sold plaintiff. The director made the trip to this State after its obligations to service the machine under the contract of sale had expired. *Held:* The visit of the director to this State upon the evidence was an "isolated act" or an act of "trivial business" insufficient to bring the corporation within this State for the purpose of service of summons, and order setting aside the service was proper.

APPEAL by plaintiff from *Armstrong, J.,* at May Extra Term, 1941, of MECKLENBURG. Affirmed.

Motion, made on special appearance, to quash the summons herein and to invalidate the attempted service thereof.

Defendant, a Wisconsin corporation, sold to the plaintiff, a North Carolina corporation with its principal place of business in Charlotte, North Carolina, an X-ray industrial machine. By written contract it agreed to install the machine and to allow the plaintiff a thirty-day trial period; to guarantee complete satisfaction and to accept the return of the machine if not satisfactory; to guarantee the unit for a period of twelve months against mechanical defect; to supply replacement parts within the guaranty period and to give assistance in the training and instruction of operators. The machine was installed and inspections and repairs were made during the contract period. After the contract period a director of the defendant, upon the solicitation and at the request of plaintiff, came to North Carolina to service the machine. While in the State, service of summons herein was had upon him as a director of the defendant corporation. Thereupon, defendant, through its counsel, on special appearance, moved to vacate service of summons.

When the motion came on to be heard the court below found the facts and upon the facts found entered its order invalidating and setting aside service of summons and dismissing the action. Plaintiff excepted and appealed.

*Nathaniel G. Sims and Frank H. Kennedy for plaintiff, appellant.*
*Gover & Covington and Hugh L. Lobdell for defendant, appellee.*

BARNHILL, J.   In the judgment entered these specific findings appear: that the X-ray Shoe Fitters, Inc., operating under the trade name of Adrian X-ray Manufacturing Company, is a Wisconsin corporation; that it is not licensed to do business in North Carolina; that it has no place of business in North Carolina; that it has no process agent in the State, and at the time of the attempted service herein it had no property within the State; that M. B. Adrian, upon whom service of summons was attempted, came to North Carolina at the request of the plaintiff for the sole purpose of repairing said machine; that at said time there was no other representative of said corporation in North Carolina; that the only acts done by said Adrian on said trip to North Carolina were in connection with making repairs to said machine and that said Adrian was temporarily in North Carolina at the time of said attempted service; that under the written contract defendant was not obligated to service or repair the machine and that the guarantee period had expired at the time service of summons was attempted; that the installation and repairing of said machine was incident to the sale thereof in interstate commerce; that the servicing or repairing of the machine by Adrian was an isolated act and that at the time of the attempted service defendant was not present in North Carolina and was not doing business in North Carolina and that the acts done by the corporation in North Carolina prior to and at the time of said attempted service were not of such substantial nature as to bring said corporation within the State.

While the affidavit testimony was conflicting there was sufficient competent evidence offered to support the facts found by the court below. They are, therefore, conclusive and not subject to review.   *Parris v. Fischer & Co.,* 219 N. C., 292, 13 S. E., 540; *Brown v. Coal Co.,* 208 N. C., 50.

The conclusions drawn therefrom are supported by the authorities.

Soliciting orders to be approved at the home office for merchandise to be shipped in interstate commerce is not doing business within the State. *Plott v. Michael,* 214 N. C., 665, 200 S. E., 429; *People's Tobacco Co. v. American Tobacco Co.,* 246 U. S., 79, 62 L. Ed., 587, 101 A. L. R., 133 (note).

Upon the facts found the defendant was not in the State in the person of its director at the time of the attempted service of summons.   Even if we concede that compliance by defendant with its contract provisions would constitute "doing business" within the State, its obligations under the contract had expired.   The visit of its director to the State thereafter at the request of plaintiff to service the machine constitutes an

"isolated act" or an act of "trivial business" which was insufficient to bring the corporation within the State for the purpose of service of summons.  *Parris v. Fischer & Co., supra,* 23 Am. Jur., 353, 20 C. J. S., 155; *People's Tobacco Co. v. American Tobacco Co., supra; York Mfg. Co. v. Colley,* 247 U. S., 21, 62 L. Ed., 963; *Consolidated Textile Corp. v. Gregory,* 289 U. S., 85, 77 L. Ed., 1047; *Rosenberg Bros. & Co. v. Curtis Brown Co.,* 260 U. S., 516, 67 L. Ed., 372; *Cannon v. Time, Inc.,* 115 Fed. (2d), 423; *Truck Parts, Inc., v. Briggs Clarifier Co.,* 25 Fed., Supp., 602; *Merriman v. Martindale-Hubbell, Inc.,* 36 Fed. Supp., 182.

The judgment below is
Affirmed.