PEARL LAMBERT, ADMINISTRATRIX OF THE ESTATE OF FARRELL C. LAMBERT, v. EDWIN C. SCHELL, DAVID R. WALKER AND UNION PACIFIC RAILROAD COMPANY, INC.

(Filed 1 February, 1952.)

1. **Process § 8c—**

   In order to acquire jurisdiction of a foreign corporation by service of process under G.S. 1-97, the corporation must be doing business in this State and it must be present in this State in the person of an authorized officer or agent.

2. **Same—**

   A foreign corporation is present and doing business in this State through an authorized officer or agent within the purview of G.S. 1-97 when it has an officer or agent here who exercises some control over and discretionary power in respect to some function for which the corporation was created and not merely one incidental thereto.

**3. Same—**

A foreign railroad corporation without property in this State is not doing business in this State within the purview of G.S. 1-97 by advertising, soliciting, and creating good will here, and its agent whose duties are limited to inducing local shippers to request that their shipments to other parts of the country be so routed that the railroad company would constitute one of the connecting carriers, is not an agent upon whom process may be served, such activities being purely incidental to its business as a common carrier.

**4. Same—**

A finding that the agent of a foreign railroad corporation upon whom process was served was authorized to conduct generally the business of the railroad in this State cannot support the conclusion that he was an "agent" within the purview of G.S. 1-97 for the purpose of service of summons when the railroad has no property in this State, and its business here is limited to the creation of good will.

**5. Same—**

A finding that the agent of a foreign railroad corporation in this State was authorized to adjust grievances cannot support the conclusion that he was an agent upon whom process could be served within the purview of G.S. 1-97 when the nature of the "grievances" is not disclosed and it is apparent from the particular findings that the corporation was not conducting any business in this State upon which "grievances" might be adjusted in the conduct of its business as a common carrier.

**6. Evidence § 5—**

It is a matter of common knowledge that consignors ordinarily adjust their complaints with the initial carrier and that consignees ordinarily do so with the delivering carrier.

**7. Pleadings § 31: Appeal and Error § 40f—**

Motion to strike particular allegations of the complaint which are clearly impertinent and irrelevant should be allowed, and the refusal of the motion will be reversed when the matter is sufficiently prejudicial.

APPEAL by defendants from *Phillips, J.,* August Term, 1951, BURKE.

Civil action to recover damages for the alleged wrongful death of plaintiff's intestate, heard on motion made by the corporate defendant, on special appearance, to dismiss for want of service of process, and on motion by the individual defendants to strike certain portions of paragraph 5 of the complaint.

Plaintiff's intestate was a passenger on an automobile belonging to the defendant Walker and being operated by defendant Schell. The automobile collided with a bridge and plaintiff's intestate was killed. Negligence in the operation of the automobile by Schell is alleged.

It is further alleged that defendant Walker was at the time traveling freight and passenger agent of the corporate defendant whose duties were

"to cultivate good will among manufacturers' representatives in Western North Carolina and other points for and on behalf of the said Union Pacific Railroad Company with a view of inducing the routing or shipment of freight from such manufacturers over the lines of said Union Pacific Railroad Company, to solicit business for said railroad, to adjust grievances and generally to conduct the business of said railroad in this State"; that plaintiff's intestate was co-manager in the traffic department of Drexel Furniture Company, having authority to direct and control the routing of shipments of furniture from Drexel Furniture Company to points on the West Coast; that on the night of the accident, Walker was entertaining Lambert and other shipper representatives in furtherance of his duty to foster good will and promote the interests of his employer; and that the automobile was being operated by Schell, with the approval of Walker, in the course and as a part of said entertainment. Walker maintains offices in Winston-Salem, N. C.

Summons as to the corporate defendant was returned endorsed by the sheriff "Served 5/10/51 . . . and by delivering a copy of Summons & Complaint to David R. Walker, as Passenger & Travelling Freight Agent of the Union Pacific Railroad Co. Inc."

On .... June 1951 defendant railroad specially appeared and moved the court to strike the return and declare said attempted service void and of no effect for that said Walker is not and was not at the time an officer or agent or person upon whom process could be served upon defendant railroad and has no duties that do or would qualify him as such agent on whom such process could be served. The motion was supported by affidavits filed by said defendant.

The individual defendants likewise moved to strike certain portions of paragraph 5 of the complaint as being irrelevant, immaterial, evidentiary, redundant, and prejudicial.

When the motions came on to be heard in the court below, the trial judge found the following facts: (1) That the Union Pacific Railroad Company is a foreign corporation; (2) "That the said Union Pacific Railroad Company neither owns leases, or operates any line of railroad, nor any transportation facilities within the State of North Carolina, but that its activities within the State of North Carolina consists (sic) of the solicitation of freight and passenger business originating in or destined to points in North Carolina, which in the course of interstate and transcontinental transportation will be routed so as to move over the lines of the Union Pacific Railroad Company while within the general territory in which the lines of said company are located, as set forth in paragraph 3 hereof"; and (3) "That the said David R. Walker was at the time a freight and passenger agent and representative of said Union Pacific Railroad Company, whose duties and business as such agent and

representative were to cultivate good will among manufacturers' representatives in Western North Carolina and other points for and on behalf of said Union Pacific Railroad Company, with a view and purpose of inducing the routing or shipment of freight from such manufacturers over the lines of said Union Pacific Railroad Company, to solicit business for said railroad, to adjust grievances, and generally to conduct the business of said railroad in this state."

Upon the facts found the court concluded that (1) said railroad is doing business within the State of North Carolina, (2) defendant Walker is employed by it as a local agent within this State, and (3) the service of process on said Walker as local agent was duly made and is and was a valid service of process.

It thereupon denied the motion of the corporate defendant, and said defendant excepted and appealed.

The motion of the individual defendants to strike portions of paragraph 5 of the complaint was likewise denied, and said defendants excepted and appealed.

*Mull, Patton & Craven for plaintiff appellee.*
*Deal, Hutchins & Minor for defendant appellants.*

BARNHILL, J.   Finding of Fact No. 2 (No. 4 in the judgment) quoted in the above statement of facts, contains the decisive facts in this case. There the judge details the nature and extent of the activities of the corporate defendant within this State.   Defendant Walker is the local agent or representative through whom the corporation acts in furtherance of the objectives there outlined.   Is he a local agent within the meaning of G.S. 1-97, upon whom process may be served, so as to subject the corporate defendant to the jurisdiction of the courts of this State?   This is the one question posed for decision on the appeal of the Union Pacific.

Process issued out of a court of this State may be served on a nonresident under the "local agent" provision of G.S. 1-97 so as to subject it to the jurisdiction of the courts of this State only when it is present and doing business within this State through a duly authorized agent possessing general or limited authority to perform some of the functions authorized by its charter.   That is, it cannot be served with process unless it can be "found" within the State, and it may be found within the State only when it is engaged in exercising in this State some of the functions for which the corporation was created, which are not purely incidental to the powers granted.   *Service Co. v. Bank,* 218 N.C. 533, 11 S.E. 2d 556; *Cunningham v. Express Co.,* 67 N.C. 425; *Whitehurst v. Kerr,* 153 N.C. 76, 68 S.E. 913; *Schoenith, Inc., v. Manufacturing Co.,* 220 N.C. 390, 17 S.E. 2d 350; *Plott v. Michael,* 214 N.C. 665, 200 S.E. 429; *Radio*

*Station v. Eitel-McCullough,* 232 N.C. 287, 59 S.E. 2d 779; *Tobacco Co. v. Tobacco Co.,* 246 U.S. 79, 62 L. Ed. 587.

Briefly stated, where no property is seized or attached, there are two requisites to jurisdiction of a State court over a foreign corporation: (1) the corporation must be doing business in the State, and (2) it must be present in the State in the person of an authorized officer or agent. *Gloeser v. Dollar S. S. Lines,* 256 N.W. 666 (Minn.).

Doing business in this State means doing some of the things or exercising some of the functions in this State for which the corporation was created. *Ruark v. Trust Co.,* 206 N.C. 564, 174 S.E. 441; *Radio Station v. Eitel-McCullough, supra; Harrison v. Corley,* 226 N.C. 184, and cases cited. And the business done by it here must be of such nature and character as to warrant the inference that the corporation has subjected itself to the local jurisdiction and is, by its duly authorized officers and agents, present within the State. *Tobacco Co. v. Tobacco Co., supra.*

A corporation performs the functions authorized by its charter through the medium of officers and agents, and an agent of a foreign corporation through whom the corporation may be "found" within the State and upon whom service of process may be had so as to subject the corporation to the jurisdiction of the court is one who exercises some control over and discretionary power in respect to the corporate functions of the company. *Service Co. v. Bank, supra.*

"A local agent is one who stands in the shoes of the corporation in relation to the particular matters committed to his care. He must be one who derives authority from his principal to act in a representative capacity, *Watson v. Plow Co.,* 193 Pac., 222 (Wash.), and who may be properly termed a representative of the foreign corporation. *St. Clair v. Cox,* 106 U.S., 350, 27 L. Ed., 222. Anno. 113 A.L.R., 41. He must have the power to represent the foreign corporation in the transaction of some part of the business contemplated by its charter, *Booz v. Texas & P. R. Co.,* 250 Ill., 376, 95 N.E., 460; and he must represent the corporation in its business in either a general or limited capacity. *Peterson v. Chicago R. I. & P. R. Co.,* 205 U.S., 364, 51 L. Ed., 841. Thus the question is to be determined from the nature of the business and the extent of the authority given and exercised. *Lumber Co. v. Finance Co.,* 204 N. C., 285, 168 S.E., 219." *Service Co. v. Bank, supra; Plott v. Michael, supra; Conn. Mutual Life Ins. Co. v. Spratley,* 172 U.S. 602, 43 L. Ed. 569; *Chicago Board of Trade v. Hammond Elevator Co.,* 198 U.S. 424, 49 L. Ed. 1111.

It is well settled that soliciting in a State by a foreign common carrier of the business of transporting persons and property between the states is not the doing or transaction of business within the State so as to bring the corporation within the jurisdiction of the local courts in an action

*in personam,* at least where such foreign railroad corporation has no line in the State and does no business there other than soliciting business for interstate commerce, even though it maintains an office and employs an agent within the State, because this is merely incidental to the main business of the corporation. 18 Fletcher Cyc. Corporations, Perm. Ed., 382, sec. 8719; *Green v. Chicago B. & Q. R. Co.,* 205 U.S. 530, 51 L. Ed. 916; *Philadelphia & Reading R. Co. v. McKibbin,* 243 U.S. 264, 61 L. Ed. 710; Anno. 46 A.L.R. 583, and 95 A.L.R. 1480; 34 Mich. Law Rev. 979. (See other cases cited in Fletcher.)

Thus the maintenance of an office and the employment by a foreign corporation of a "district freight and passenger agent to solicit and procure passengers and freight to be transported over defendant's line," and having under his direction "several clerks and various traveling passenger and freight agents" has been held not to constitute "doing business within the state." *Philadelphia & Reading R. Co. v. McKibbin, supra;* 18 Fletcher Cyc. Corporations 384.

While the judge found that Walker's duties in part were "generally to conduct the business of said railroad in this state," the business of "said railroad" conducted within this State is spelled out in particularity. It includes the commission of no act, or the performance of no duty, which would constitute "doing business" such as would subject it to the jurisdiction of the courts of this State.

On this record defendant Walker, as agent of the corporate defendant, was not authorized to issue a bill of lading or sell a ticket or route a shipment or do anything else that constitutes a part of the usual and ordinary business of a common carrier, for the Union Pacific has no part of its railroad in this State and is engaged in no business here which requires or necessitates any such activity on the part of any of its agents.

The duty assigned to him was to induce local shippers to request that their shipments to and from the Pacific Northwest be so routed that the Union Pacific would constitute one of the connecting carriers. To accomplish this objective, he was engaged in advertising, soliciting, and creating good will for and on behalf of his principal. These are activities which are purely incidental to the business of a common carrier, as they are to any other large business enterprise.

Likewise, it is alleged in the complaint, and the court found, that it was the duty of Walker "to adjust grievances." However, the nature of the "grievances" is not disclosed, and it is neither alleged nor found that he ever adjusted any type or kind of grievance against the corporate defendant. It is a matter of common knowledge that consignors ordinarily adjust their complaints or grievances with the initial, and the consignees with the delivering, carrier. The Union Pacific maintains neither position within this jurisdiction. Therefore, in view of its lim-

ited activities within this State, as found by the court, this allegation and finding must be deemed too general and indefinite to have any substantial meaning. It is the statement of a conclusion rather than the statement of a fact.

It follows that the corporate defendant is not doing business or maintaining a local agent within this State so as to render it amenable to process issued in this cause. The conclusion to the contrary made by the court below is unsupported by the evidence offered or the facts found and must be reversed.

### APPEAL OF INDIVIDUAL DEFENDANTS.

Paragraph 5 of the complaint does not contain the allegation of a single ultimate fact necessary to a statement of plaintiff's alleged cause of action. Some of the facts there stated are evidentiary in nature and some are wholly irrelevant. The competency of evidence in respect to still others will perhaps depend upon the developments at the trial. The admissibility of evidence in respect thereto is best left to the trial judge.

But the defendants do not seek to strike the paragraph as a whole. They seek only to strike allegations (1) referring to one Newton, a co-employee of plaintiff's intestate, (2) of the rapid advancement of plaintiff's intestate in his employment, (3) the duty of Walker to solicit plaintiff's intestate and others, and (4) prior entertainments by Walker of plaintiff's intestate.

The references to Newton are clearly impertinent and irrelevant. The other allegations to which objection is entered are evidentiary and repetitious. Evidence in respect thereto may be tendered at the hearing in support thereof under the allegations contained in paragraph 4 of the complaint. The injection of matter relating to Newton is sufficiently prejudicial to warrant a reversal of the judgment on the motion to strike. *Hinson v. Britt,* 232 N.C. 379, 61 S.E. 2d 185.

On both appeals the judgment entered is
Reversed.