M. LEE HEATH v. KRESKY MANUFACTURING COMPANY, INC., A COR-
PORATION, AND SOUTHERN APPLIANCES, INC., A CORPORATION.

(Filed 4 May, 1955.)

**1. Appeal and Error § 6c (3)—**

Exceptions to the findings of fact which neither point out which of the
findings made, or refused, are objected to, and fail to designate what the
objection is, are insufficient to bring up for review either the findings of
fact or the evidence upon which they are based.

**2. Appeal and Error § 6c (2)—**

An exception to the judgment presents the sole question of whether the
findings of fact are sufficient to support the judgment.

**3. Appeal and Error § 40d—**

Even though the findings of fact be conclusive on appeal, the Supreme
Court is not bound by the conclusions or inferences the trial court draws
from the findings.

**4. Process § 8c—**

In order for a foreign corporation to be subject to service of process by
service on its resident agent, such agent must have some degree of control
over the corporate functions and be empowered to exercise some discretion
with respect to the corporate business, and the extent and nature of his
authority rather than his designation is controlling.

**5. Same—**

Findings of fact to the effect that a foreign corporation sold equipment
manufactured by it to local distributors or wholesalers, and that the resi-
dent upon whom process was served was a sales and factory representative
of the corporation, are insufficient to support the court's conclusion that
such agent was a managing or local agent of the foreign corporation
through whom it was doing business in this State, since a salesman or
broker who takes orders and submits them to the home office of a foreign
corporation for acceptance is not a local agent for service of process, and
therefore the motion of the corporation to set aside the service should have
been allowed.

BARNHILL, C. J., took no part in the consideration or decision of this case.

APPEAL by defendant Kresky Manufacturing Company, Inc., from
*Patton, S. J.,* Extra 15 November, 1954 Civil Term, MECKLENBURG.

This civil action was instituted by the plaintiff, a resident of Meck-
lenburg County, against the defendants Kresky Manufacturing Com-
pany, Inc., a California corporation, and Southern Appliances, Inc., a
North Carolina corporation. Summons and order extending time for
filing complaint were duly served on the North Carolina corporation.
The Sheriff of Mecklenburg County served, or attempted to serve sum-
mons and order upon the California corporation by delivering copies

to W. T. Simmons, a resident of Mecklenburg County. Kresky Manufacturing Company entered a special appearance in the Superior Court and moved "to strike out, cancel and declare null and void the attemped service of process" upon the grounds (1) that Kresky Manufacturing Company is a foreign corporation; and (2) that W. T. Simmons was not and never had been an officer, managing or local agent of the defendant; and (3) that the defendant is not now and never has been engaged in business in North Carolina. The defendant submitted affidavits of its officers and agents in support of the motion.

In opposition to the motion to dismiss, the plaintiff filed an affidavit to which he attached three letters received by him through the United States mails, all signed in the name of Kresky Manufacturing Company by B. Clyde Watts, Jr., Chief Engineer. These letters contain the only reference to W. T. Simmons or his duties. The material parts of the letters are here quoted:

"February 19, 1953. Dear Mr. Heath: A copy of your letter directed to the attention of Mr. Calvin Mitchell of Southern Appliances, Inc., has been forwarded to this office for consideration . . . It is obvious from your letter of February 5, 1953, that something is askew in your ten-unit project on Pecan Avenue. Please rest assured, as above stated, this difficulty is not with the Kresky wall furnace. We are asking our representative, Mr. W. T. Simmons, to check your installation and give us all the details so that proper recommendations can be made to you . . . Yours very truly, . . ."

"March 2, 1953. We have been advised by our sales representative, Mr. W. T. Simmons, that you have received our letter concerning the wall furnaces, Model WF, installed in your building project. Yours truly . . ."

"March 24, 1953. Dear Mr. Heath: With this letter we would like to acknowledge receipt of your letter of March 18, 1953. Prior to sending you this letter, we are awaiting receipt of information from Southern Appliances, Inc., your Kresky distributor, and from Mr. W. T. Simmons, our factory representative. Yours truly, . . ."

The appellant made request for extensive findings of fact and conclusions of law based on the affidavits of its officers to the effect that the appellant is a corporation chartered by the State of California, engaged in the manufacture of heating appliances and equipment which it sells to distributors throughout the United States; that the company has never domesticated or transacted business in North Carolina except that a sales representative calls on dealers, secures orders and transmits them to the defendant's office in California for acceptance; that as salesman the defendant employs Mr. A. F. Davis, of St. Petersburg, Florida, who has charge of the southeastern states; that

Mr. Davis employed Mr. W. T. Simmons to travel the territory of North and South Carolina for him; that Simmons is not and never has been an employee of the defendant, but is an employee and has been at all times an employee of Mr. Davis, and paid by him exclusively.

The court refused to find as requested by the defendant, but did incorporate in its judgment the following findings:

"1. The Kresky Manufacturing Company, Inc., is a corporation organized, existing, and doing business under the laws of the State of California and is engaged in the business of manufacturing and selling furnaces and similar heating equipment.

"2. Kresky Manufacturing Company, Inc., sells the heating equipment manufactured by it to local distributors or wholesale dealers located throughout the United States and including the co-defendant, Southern Appliances, Inc., a North Carolina corporation with its principal office and place of business in the City of Charlotte, Mecklenburg County, North Carolina.

"3. The Sheriff of Mecklenburg County, through his Deputy, served process upon the defendant, Kresky Manufacturing Company, Inc., by delivering a copy of the summons, a copy of the complaint, a copy of the order extending the time for filing complaint, and a copy of the order for the service of the complaint upon W. T. Simmons as agent for Kresky Manufacturing Company, Inc.

"4. W. T. Simmons is and was at the time service of process was made upon him, a resident of Mecklenburg County, North Carolina, and is and was at said time employed by the defendant, Kresky Manufacturing Company, Inc., *as a sales and factory representative.*

"5. Through its agent, W. T. Simmons, the defendant, Kresky Manufacturing Company, Inc., was at the time of service of the process present and doing business in the State of North Carolina.

"6. At the time of service of process said W. T. Simmons was a managing or local agent of the defendant, Kresky Manufacturing Company, Inc., and was such an agent as would reasonably be expected to give his principal notice of the service of process upon him.

"7. The court holds as a matter of law that valid service of process has been had upon the defendant, Kresky Manufacturing Company, Inc., and therefore its motion to strike out and set aside the service of process upon it as filed by said defendant should be denied."

The following are the appeal entries:

"The defendant Kresky Manufacturing Company, Inc., excepts to the denial of its motion and request for findings of fact, and to the findings of fact and conclusions of the court, and to the judgment entered."

The defendant appealed.

*Warren C. Stack and David J. Craig, Jr., for plaintiff, appellee.*

*McDougle, Ervin, Horack & Snepp, By: Benj. S. Horack, for defendant, appellant.*

HIGGINS, J.   The defendant Kresky Manufacturing Company, Inc., excepted to the action of the court (1) in refusing to find facts as requested, (2) in finding facts as heretofore set out, and (3) in entering judgment holding the service of process valid.   The exceptions neither point out which of the findings made, or refused, are objected to, nor designate what the objection is.   Such exceptions, therefore, are insufficient to bring up for review either the findings of fact or the evidence upon which they are based.   *Rader v. Coach Co.*, 225 N.C. 537, 35 S.E. 2d 609; *Efird v. Smith*, 208 N.C. 394, 180 S.E. 581; *In re Will of Beard*, 202 N.C. 661, 163 S.E. 748.   The exception to the judgment, however, does raise this question of law: Are the findings of fact made by the court sufficient to support the judgment?   *Wilson v. Charlotte*, 206 N.C. 856, 175 S.E. 306; *Manufacturing Co. v. Lumber Co.*, 178 N.C. 571, 101 S.E. 214.

The findings of fact in summary are:  The defendant is a California corporation engaged in the manufacture of heating equipment which it sells to local distributors, including the co-defendant.   The Sheriff of Mecklenburg County served, or attempted to serve process on the defendant Kresky Manufacturing Company, Inc., by delivering copies to W. T. Simmons as agent for defendant.   Simmons, a resident of Mecklenburg County, was employed at the time as a sales and factory representative and, through him, the defendant was present and doing business in North Carolina.   At the time of service of process Simmons was the managing or local agent "and would reasonably be expected to give his principal notice of the service of process upon him."

While this Court cannot question the facts found, it is not bound by the conclusions or inferences the trial court draws from them.   The crucial findings in this case are that Simmons is a resident of Charlotte and at the time of the service *was employed by the defendant as a sales and factory representative.*   The trial court then concludes that, through him, the defendant was present and doing business in this State.   The court further concludes that he was a managing or local agent.   The findings fail to disclose what Simmons did or was authorized to do as sales and factory representative, what his duties were, or what he did to carry them out.   This finding fails to qualify him as a managing or local agent, and fails to show that he was authorized to, or did do any business for appellant in this State.   "It is not the name employed, but the nature of the business and the extent of the authority given and

exercised which is determinative." *Whitehurst v. Kerr,* 153 N.C. 76, 68 S.E. 913. In these important particulars the findings are silent.

Before a foreign corporation can be subjected to the jurisdiction of our State court, two requirements must be met: (1) The corporation must be doing business in this State; and (2) it must be present in the person of an authorized officer or agent who carries on the business. *Lambert v. Schell,* 235 N.C. 21, 69 S.E. 2d 11. The officer or agent through whom the business is done must be one who exercises some degree of control over the corporate functions of the company. He must be empowered to exercise some discretion with respect to the business for which the company was organized and in which it is engaged. *Lambert v. Schell, supra.* The term "agent" means more than subordinate employee without authority or discretion. To be an agent one must have some charge or measure of control over his principal's business. *Whitehurst v. Kerr, supra.* A salesman or broker who takes orders and submits them to the home office of the foreign corporation for acceptance is not a managing or local agent, and the foreign corporation by reason thereof is not doing business in this State. *Service Co. v. Bank,* 218 N.C. 533, 11 S.E. 2d 556. The court's findings that the Kresky Manufacturing Company, through W. T. Simmons, was present doing business in this State and that Simmons was a managing or local agent, are conclusions or inferences not justified by the specific finding merely that Simmons is sales and factory representative. *Radio Station v. Eitel-McCullough,* 232 N.C. 287, 59 S.E. 2d 779. The facts found in that case, when placed "long side" those in the case at bar, will serve to emphasize the insufficiency of the findings that Simmons was a managing agent and that through him the Kresky Manufacturing Company, Inc., was present and doing business in North Carolina. The opinion in the *Radio Station case* settles the question of law presented by this appeal.

The service of process on Kresky Manufacturing Company, Inc., cannot be sustained as valid. The judgment, therefore, is

Reversed.

BARNHILL, C. J., took no part in the consideration or decision of this case.