ROBERT L. SHEW v. ROYCE CHEMICAL COMPANY

No. 6918SC289

(Filed 23 July 1969)

Process § 13— service on foreign corporation — whether employee is managing agent

Foreign corporation's resident employee is not a "managing agent" within the purview of G.S. 1-97(b) so as to render the foreign corporation amenable to service of process by service on its local agent as provided by the statute, where the evidence is that the employee calls upon the corporation's customers in this State once a month to sell its products but that the employee does not take orders or collect money, that it is only occasionally that he handles a complaint, and that the employee's only exercise of discretion is in selecting the customers upon whom he calls.

APPEAL by defendant from Gwyn, J., 9 September 1968 Civil Session, Superior Court of GUILFORD (Greensboro Division).

Plaintiff brings this action to recover for injuries allegedly caused by the negligence of the defendant's employees in New Jersey. Plaintiff is a resident of North Carolina. Defendant is a corporation organized under the laws of New Jersey and has its principal place of business in New Jersey.

Summons and order granting application for extension of time to file complaint were delivered to the Secretary of State for service on the defendant on 3 October 1966. On this same date these documents were mailed to the defendant by registered mail. Complaint was filed by the plaintiff on 20 October 1966. On 21 November 1966 the defendant moved that this summons be quashed, basically, on

the grounds that the defendant had not had a registered agent appointed in this State; that the defendant had not transacted business in this State; and that the cause of action stated did not arise in this State. Therefore, service on the defendant, through the Secretary of State, by the provisions of G.S. 55-143, 55-144, or 55-145, was improper. Following this motion to quash made by the defendant and within 90 days of the issuance of the original summons, the plaintiff had issued an alias and pluries summons and directed that such summons be served on defendant by serving Irving J. Royce, 2008 Belvedere Avenue, Charlotte, North Carolina, the local agent of the defendant. This summons was served on 7 January 1967.

On 9 March 1967 the defendant moved that this action be dismissed, alleging that the service made upon it by serving Irving J. Royce was improper and without effect because Irving J. Royce was not a person upon whom service could be made so as to constitute service upon defendant. The motions made by the defendant on 21 November 1966 and 9 March 1967 were considered in the Superior Court on affidavits and depositions. On 31 January 1969, Gwyn, J., entered an order declaring invalid the service made upon defendant by serving the Secretary of State, and upholding the service made on defendant by serving Irving J. Royce. From this order defendant appealed.

*Jordan, Wright, Nichols, Caffrey & Hill by Karl N. Hill, Jr., for plaintiff appellee.*

*Smith, Moore, Smith, Schell & Hunter by Stephen P. Millikin and Larry B. Sitton for defendant appellant.*

MORRIS, J.

The question presented by this appeal is whether the North Carolina Court properly has *in personam* jurisdiction over the defendant.

Royce Chemical Company manufactures and sells sodium hydrosulfite which is used in the textile business, and zinc oxide which is used primarily in the manufacture of rubber tires. Royce Chemical Company, at the time the service of process was served on Irving J. Royce, had one employee stationed in North Carolina. This was Irving J. Royce. Defendant does not maintain an office in this State, nor does it have a telephone in this State. Defendant keeps a certain amount of hydrosulfite stored in North Carolina in public warehouses located at Charlotte and High Point. The hydrosulfite stored at Charlotte has a gross sales value of $5,000 to $25,000, and that

stored at High Point has a gross sales value of $5,000 to $10,000. The chemicals stored at Charlotte and High Point are used to serve certain North Carolina customers, and customers in South Carolina and Georgia who pick up the chemicals in their own truck. Occasionally a North Carolina customer will pick up chemicals from these storage supplies in his own truck. Approximately 50 percent of the sales based on orders originating in North Carolina are picked up at the New Jersey plant in the customer's vehicle; 30-35 percent of the North Carolina orders are shipped by common carriers from the New Jersey plant; and 15-20 percent of the North Carolina orders are shipped on vehicles leased by the defendant. No money is collected in North Carolina for the sales and the defendant does not have a bank account in North Carolina. The gross sales of defendant are $6,000,000 to $8,000,000 per year, and the sales made by defendant in North Carolina are approximately $100,000 per month, or 20 percent of defendant's total business.

Irving J. Royce, defendant's only employee in North Carolina at the time this action was begun, has resided in North Carolina since 1933. He operates out of his home; does not have an office in his home; nor does he have a telephone in the defendant's name. His job is to call on customers and sell them his company's product, however, he does not take orders. He will call upon each customer approximately once a month. The orders are sent into the New Jersey office by the customer and, generally, on the customer's order form. Irving J. Royce does not collect money. He does pick the customers upon whom he calls, and on rare occasions he will phone in an order for a customer if it is a rush order. This might happen once or twice a year. The orders are accepted or rejected by the home office, although Irving J. Royce testified that to his knowledge he had never had an order refused.

Louis Meyer is also employed at the present time by the defendant in North Carolina. His duties are essentially the same as those of Irving J. Royce. He was not employed by the defendant in this State at the time this action was commenced.

North Carolina G.S. 1-97(b) provides for service upon a foreign corporation as follows:

"If the action is against a foreign corporation, to the president, vice president, secretary, assistant secretary, treasurer, or assistant treasurer or the manager of any office or plant maintained in this State by the corporation or to any managing agent transacting business for the corporation in the State or

to a director when he is in this State on business of the corporation."

The affidavit and depositions reveal that Irving J. Royce is not an officer of the defendant corporation, does not manage a plant here, nor is he a director of the defendant corporation. Therefore, as we interpret this statute, the defendant could be served with process by serving Irving J. Royce only if Irving J. Royce is (1) a managing agent (2) transacting business for the defendant. "Before a foreign corporation can be subjected to the jurisdiction of our State court, two requirements must be met: (1) The corporation must be doing business in this State; and (2) it must be present in the person of an authorized officer or agent who carries on the business." *Heath v. Manufacturing Co.*, 242 N.C. 215, 87 S.E. 2d 300. (Decided just prior to the enactment of the above statute.)

In *Heath v. Manufacturing Co., supra,* Higgins, J., stated that "[t]he officer or agent through whom the business is done must be one who exercises some ·degree of control over the corporate functions of the company. He must be empowered to exercise some discretion with respect to the business for which the company was organized and in which it is engaged. . . . The term 'agent' means more than subordinate employee without authority or discretion. To be an agent one must have some charge or measure of control over his principal's business. . . . A salesman or broker who takes orders and submits them to the home office of the foreign corporation for acceptance is not a managing or local agent, and the foreign corporation by reason thereof is not doing business in this State." (citations omitted.) In this last cited case the trial court had found that the person served "was employed by the defendant as a sales and factory representative" and that through him the defendant was doing business in this State. The Supreme Court held that these findings were insufficient to support the conclusion that the person served was a managing agent.

Decisions of the United States Supreme Court have expanded concepts of a state court's jurisdiction over foreign corporations, *International Shoe Co. v. Washington*, 326 U.S. 310, 90 L. Ed. 95, 66 S. Ct. 154; *Perkins v. Benquet Cons. Mining Co.*, 342 U.S. 437, 96 L. Ed. 485, 72 S. Ct. 413, and this trend has been followed by the North Carolina Supreme Court. *Dumas v. R. R.*, 253 N.C. 501, 117 S.E. 2d 426. In *Dumas* our Supreme Court held that service upon the defendant Railroad through its agent who maintained an office in this State for the defendant was proper. However, the Court's discussion in *Dumas* was related to whether the defendant Railroad

was "doing business" in this State, and, apparently, the Court saw no need to discuss the problem of whether the agent served was a managing agent.

We need not decide the question of whether the defendant was doing business in this State, because under the principles enunciated in *Heath v. Manufacturing Co., supra,* we do not think it can be said that Irving J. Royce was a "managing agent" and, therefore, service on defendant through him is invalid because not in compliance with G.S. 1-97. The evidence shows that he did not collect money, he did not take orders, he could not approve orders, and it was only occasionally that he would handle a complaint. These complaints generally involved late shipments, and when they arose he would call the traffic manager and inform him of the problem. He would not contact the shipper. The only discretion exercised by Irving J. Royce was that of selecting the customers upon whom he would call, but he called upon all customers who purchased the defendant's products. We hold that Irving J. Royce did not have sufficient control over the defendant's business in this State to be considered a "managing agent". The decision of the trial court is

Reversed.

CAMPBELL and BROCK, JJ., concur.